# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 99-6078 MN
_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Steven James Annen, | * | |
| Sandra Dee Annen, | * | |
| | * | |
| Debtors. | * | |
| | * | Appeal from the United States |
| Bank One Wisconsin, N.A., | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Steven James Annen, | * | |
| Sandra Dee Annen, | * | |
| | * | |
| Defendants - Appellants, | * | |
| | * | |
| Cityscape Mortgage Corp., | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: January 26, 2000
Filed:      March 23, 2000

_____

Before William A. HILL, SCHERMER, and JACKWIG[1], Bankruptcy Judges.

_____

[1]The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa, sitting by designation.

_____

JACKWIG, Bankruptcy Judge.


Chapter 7 Debtors Steven and Sandra Annen ("Annens") appeal the order of the bankruptcy court[2] dismissing their counterclaim against Bank One Wisconsin, N.A. ("Bank One"). The Annens had argued that Bank One violated 11 U.S.C. section 524(a)(2) by commencing a state court declaratory judgment action to determine the existence and nature of its mortgage lien on their homestead. The bankruptcy court concluded the action was an _in rem_ proceeding that did not seek the imposition of any personal liability and, therefore, held the counterclaim failed to state a claim upon which relief could be granted. We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

BACKGROUND


The Annens made, executed and delivered a mortgage on their homestead to Bank One on May 23, 1995. The mortgage was recorded on June 1, 1995. In early 1997 Bank One started sending the Annens billing statements understating the balance due. The Annens allege they notified Bank One of the error.


Thereafter the Annens applied for debt consolidation financing with Cityscape Mortgage Corp. ("Cityscape"). The Bank One debt was among the debts to be consolidated. Cityscape contacted Bank One for the pay-off balance. Bank One understated the balance. Cityscape paid Bank One that amount. Bank One executed a satisfaction of its mortgage on or about June 5, 1997. The satisfaction was recorded on or about June 19, 1997. Meanwhile, the Annens made, executed and delivered a mortgage on their homestead to Cityscape, and that mortgage was recorded.


The Annens filed their Chapter 7 petition on April 23, 1998. They listed Bank One on Schedule F (Creditors Holding Unsecured Nonpriority Claims). The bankruptcy court entered the General Discharge on July 29, 1998.

_____

[2]The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

Bank One commenced a declaratory judgment action against the Annens and Cityscape in the District Court in and for the County of Scott, State of Minnesota, on August 21, 1998. Bank One alleged scrivener's error, inadvertence or mistake resulted in the satisfaction being executed and recorded. Bank One specifically requested the state court adjudge the satisfaction was void and annulled and the underlying mortgage was revived, with its former priority and priority over the mortgage held by Cityscape.[3]

The Annens filed an answer and a counterclaim against Bank One on September 10, 1998. In the counterclaim, they alleged the commencement of the lawsuit violated the discharge injunction because it was an attempt to coerce them into paying the discharged debt rather than incur the expense of the pending litigation. They argued any claim Bank One had against them or their property had been discharged in their Chapter 7 case. They requested the state court deny Bank One's claim for relief and award them compensatory damages for the physical injuries and emotional distress they had and would suffer as a result of the lawsuit.

Since the Annens' counterclaim raised an issue under federal law, Bank One filed a Notice of Removal to the United States District Court for the District of Minnesota. The federal district court granted the removal and then referred the matter to the United States Bankruptcy Court for the District of Minnesota. The bankruptcy court treated the controversy as an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001-87.

On December 29, 1998, Bank One's motion to dismiss the Annens' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) was docketed in the bankruptcy court. In its motion, Bank One argued the declaratory judgment action was an *in rem* proceeding to determine the existence and nature of its mortgage lien against the Annens' homestead and, as such, could not be the basis for a cause of action under 11 U.S.C. section 524.

On January 19, 1999, the Annens filed an objection to the motion to dismiss and a

_____

[3] According to the record on appeal, Cityscape did not appear in any of the proceedings in state court and has not appeared in any of the proceedings in federal court.

motion for finding of contempt and imposition of sanctions against Bank One.[4] Following a hearing on those matters, the bankruptcy court directed the parties to submit briefs addressing whether Bank One retained a lien or other *in rem* right after the execution and filing of the satisfaction of its May 1995 mortgage. The parties complied.

At a telephonic hearing on October 25, 1999, the bankruptcy court recited its decision on the record as permitted by Federal Rule of Bankruptcy Procedure 7052. The court observed: that the Annens' counterclaim pled only the commencement of the lawsuit as the ground for relief under section 524(a)(2); that Bank Ones' complaint did not seek and would not result in an adjudication that the Annens were personally liable; and that the state law under which Bank One was proceeding could be construed to provide for the *in rem* relief that Bank One sought. The Court concluded the Annens failed to state a claim upon which relief could be granted and ruled Bank One was entitled to a dismissal of the counterclaim. The court then addressed the Annens' motion as one for summary judgment and set forth procedural and substantive grounds for its denial.

Pursuant to that decision and on the same date it was recited, the court entered a written order dismissing the Annen's counterclaim and denying their motion for contempt and sanctions. On November 3, 1999, the Annens filed a notice of appeal.[5]

STANDARD OF REVIEW

We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. See Duffy v. Landberg, 133 F.3d 1120, 1122 (8th Cir. 1998), *cert. denied* 119 S.Ct. 62 (1998); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

---

[4] The Annens' Appendix contains the bankruptcy court docket sheets evidencing the filing of these documents. The record on appeal, however, does not contain copies of their objection or their motion.

[5] Though their Notice of Appeal references the October 25, 1999 Order, the Annens limit their Statement of Issue on Appeal to the dismissal of the counterclaim. Accordingly, we do not review the bankruptcy court's denial of their motion for contempt and sanctions.

4

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) states in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted, . . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This rule applies in adversary proceedings.  See Fed. R. Bankr. P. 7012(b).

Bank One's motion to dismiss did not present matters outside the counterclaim. Accordingly, we treat the allegations in the counterclaim as true and we construe the counterclaim in the light most favorable to the Annens.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).  We may not dismiss the counterclaim if any set of facts, consistent with the allegations, would support granting the requested relief.  See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Nevertheless, the counterclaim must set forth facts that state a claim as a matter of law and must not be conclusory.  See Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999) (citing Frey, 44 F.3d at 671).

Though the Annens' counterclaim does not cite any specific statutory authority in support of the relief requested, the allegations in the counterclaim and the record before us indicate they are relying on 11 U.S.C. section 524(a)(2).  That statute provides:

> (a) A discharge in a case under this title–
>     . . . .
>         (2) operates as an injunction against the commencement or continuation of an action, the employment of process,

5

> or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. § 524(a)(2). As is evident from the plain language of the statute, the discharge injunction applies to *in personam* actions. It does not apply to *in rem* actions.

Bank One's complaint, based on events that occurred in 1997, seeks only declaratory relief — specifically, an adjudication that the satisfaction was void and annulled and the mortgage was revived with its original priority and priority over Cityscape. That is all. There is no request for relief *in personam*. Yet, the Annens' counterclaim alleges the very commencement of the declaratory judgment action constituted a violation of the discharge injunction.

Implicit in the Annens' argument are two legal conclusions. First, that the execution of the satisfaction extinguished Bank One's lien on any unpaid balance remaining after the Cityscape payment. Second, that an intervening Chapter 7 discharge trumps any remedies available to Bank One under state law. Bank One, on the other hand, represents it properly proceeded with the state court action because the lien on the unpaid balance survived both the execution of the satisfaction and the Chapter 7 discharge.[6]

That liens pass through bankruptcy proceedings unaffected is well-established. See Dewsnup v. Timm, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992); Long v. Bullard, 117 U.S. 617, 620-21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). Hence, if the lien on the unpaid balance survived the execution of the satisfaction, it would survive the Chapter 7 discharge absent other action and adjudication in the bankruptcy proceedings.[7]

---

[6] The parties otherwise agree that the filing of the satisfaction extinguished Bank One's priority status on the mortgage.

[7] The bankruptcy court concluded the comments on the October 25, 1999 record by noting the Chapter 7 trustee would be given an opportunity to review the matter to determine whether an avoidance action pursuant to 11 U.S.C. section 544(b) should be brought on behalf of the bankruptcy estate.

Aside from that passing remark to the contrary, the record on appeal lacks information regarding the exempt status of the Annens' homestead. With respect to the survival of liens on property exempted from the bankruptcy estate, 11 U.S.C. section

6

If no lien survived the execution of the satisfaction, Bank One could not commence an action to foreclose on the Annens' homestead without first reviving the mortgage. The declaratory judgment is limited to that first step and a clarification about the priority of the Bank One lien.

We note the Annens on appeal do not challenge the bankruptcy court's determination that the declaratory action was *in rem.* Rather, the Annens contend they should be given an opportunity to present evidence on Bank One's ulterior motive in bringing the declaratory judgment action. They maintain that motive was to circumvent the prohibition against collecting a discharged debt from debtors personally. However, our thorough review of the allegations in the counterclaim, in a light most favorable to the Annens, fails to yield more than their conclusory statements that the commencement of the lawsuit was in reality an *in personam* action.

From our review of the entire record on appeal,[8] we realize the Annens might have

522(c)(2) provides in relevant part:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except–
> . . . .
> (2) a debt secured by a lien that is –
>
> > (A)    (i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
> >
> > (ii) not void under section 506(d) of this title;

11 U.S.C. § 522(c)(2).

[8] Bank One's Appendix, not the Annens' Appendix, contains copies of the Annens' Memorandum of Law and Supplemental Memorandum in opposition to Bank

7

grounds based on events that occurred in August of 1998 to bring a section 524(a)(2) action in the bankruptcy court separate from and regardless of the commencement of the state court lawsuit. Nevertheless, Rule 12(b)(6) and the case law interpreting it will not permit us to consider those allegations as part of the counterclaim itself.

## CONCLUSION

We find the Annens' counterclaim fails to set forth any facts in support of their claim that Bank One violated the 11 U.S.C. section 524(a)(2) discharge injunction by commencing the declaratory judgment action in state court. Accordingly, we affirm the order of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.

---

One's motion to dismiss and in support of their motion for contempt and sanctions. Attached to the first memorandum is a copy of a letter dated August 4, 1998, addressed to Steven Annen, and signed by a representative of Bank One's collection department. The content of the letter acknowledges the bankruptcy discharge and then proceeds to discuss payment of the balance on the loan.