# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————

01-6096MN

———————

| | | |
|---|---|---|
| In re: Georgina Yvonne Stephens | * | |
| | * | |
| Debtor | * | |
| | * | |
| Georgina Yvonne Stephens | * | |
| | * | |
| Debtor - Appellant | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | District of Minnesota |
| | * | |
| Mary Jo A. Jensen-Carter | * | |
| | * | |
| Trustee - Appellee | * | |

———————

Submitted: April 2, 2002
Filed: April 29, 2002

———————

Before KOGER, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy Judges

KOGER, Chief Judge

Debtor Georgina Yvonne Stephens appeals from an Order of the Bankruptcy Court[1] denying her motion for an adjudication that Mary Jo Jensen-Carter violated

———————

[1] The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

the discharge injunction under 11 U.S.C. § 524(a) and for imposition of sanctions upon such an adjudication.  For the reasons that follow, we affirm.

FACTUAL BACKGROUND

The facts of this case and the separate bankruptcy case of Stephens' husband, Larry Kenneth Alexander, have been reported in several previous decisions related to Alexander's case.  See  In re Alexander, 236 F.3d 431 (8th Cir. 2001); In re Alexander, 270 B.R. 281 (B.A.P. 8th Cir. 2001); In re Alexander, 239 B.R. 911 (B.A.P. 8th Cir. 1999); In re Alexander, 236 B.R. 679 (Bankr. D. Minn. 1999).  In sum, as relevant here, Alexander moved out of the home he shared with Stephens, commonly known as 875 Laurel Avenue in St. Paul, Minnesota, a few days prior to filing his individual Chapter 13 bankruptcy petition in June of 1998.  Stephens remained in the home with the parties' minor son and, on August 17, 1998, a couple of months after Alexander filed his original bankruptcy petition, she filed a separate Chapter 7 bankruptcy petition.  She listed her address as 875 Laurel Avenue, but failed to schedule an ownership interest in the property or claim a homestead exemption on the schedules she filed with her petition because, as she has conceded, Alexander had acquired this property before the parties were married and he was the sole record title holder to that property, and therefore, she did not believe she had an ownership interest in that property.

Because Alexander was having difficulty claiming a homestead exemption for the 875 Laurel property in his own case, discussed briefly below, Alexander filed an "Amended Schedule A & C to Correct Description of Realty Claimed Exempt" in Stephens' case, purporting to exempt the 875 Laurel property on his own behalf as a "dependent" of Stephens.[2]  The Chapter 7 trustee in Stephens' case subsequently

---

[2]  As we commented in our previous decision in Alexander's case, the validity and effect of Alexander's purported claim of homestead exemption in Stephens' case

2

abandoned all property in her case and Stephens received a discharge on November 18, 1998.[3]

Meanwhile, in Alexander's separate bankruptcy case, Alexander attempted to claim the 875 Laurel Avenue property as his own homestead, despite the fact that he was not living there when he filed his bankruptcy petition. The trustee in Alexander's case, Mary Jo Jensen-Carter, objected to Alexander's claimed exemption in the 875 Laurel property and, after several court battles, the Bankruptcy Court ultimately sustained the objection and denied the claimed homestead exemption in Alexander's case. We have twice affirmed the Bankruptcy Court's decisions denying Alexander's attempts to claim the homestead in his case. See In re Alexander, 270 B.R. 281 (B.A.P. 8th Cir. 2001); In re Alexander, 239 B.R. 911 (B.A.P. 8th Cir. 1999). The Eighth Circuit Court of Appeals affirmed our first decision in his case, see In re Alexander, 236 F.3d 431 (8th Cir. 2001), and Alexander's appeal from the latest decision is currently pending before the Eighth Circuit Court of Appeals.

Since the Bankruptcy Court determined that Alexander could not claim the 875 Laurel property as his homestead, Jensen-Carter, as trustee in his case, began efforts to take possession and sell the property for the benefit of Alexander's bankruptcy estate, including filing an unlawful detainer action against Stephens and Alexander in the Ramsey County District Court.

---

is questionable. However, that issue is not before us at this time and so we need not decide that issue here.

[3] Stephens filed a second bankruptcy petition, this time under Chapter 13, on June 7, 1999, again listing 875 Laurel Avenue as her address but failing to list any ownership interest or exemption in that property on her bankruptcy schedules. Ultimately, Stephens voluntarily dismissed her Chapter 13 case in December 1999. Because Stephens filed the instant motion in the Chapter 7 case, the details of the dismissed Chapter 13 case are not pertinent here.

On or about August 31, 2001, without attempting to reopen the case, Stephens filed a Schedule C in her closed Chapter 7 case, purporting to claim a $200,000 homestead exemption in the 875 Laurel property. Jensen-Carter received notice of the claimed exemption on or around October 26, 2001, and objected to it on November 2, 2001. On or about November 23, 2001, Stephens then filed a motion in her closed Chapter 7 case, again without reopening it, asserting that Jensen-Carter's attempts to obtain possession of the 875 Laurel property violated the discharge injunction in her case and requesting an award of sanctions against Jensen-Carter.

The Bankruptcy Court conducted a hearing on Stephens' motion on December 10, 2001, and on December 13, 2001, the Bankruptcy Court announced via telephonic hearing its findings and conclusions, holding that Jensen-Carter's attempts to obtain possession of the 875 Laurel property did not violate the discharge injunction in Stephens' bankruptcy case because Jensen-Carter was not acting to collect, recover, or offset any debt owing by Stephens to Alexander or any other person or entity. The Court entered a written Order, dated December 14, 2001, summarily memorializing the determinations announced during the December 13 hearing. Stephens appeals this Order.

STANDARD OF REVIEW

We review findings of fact for clear error and legal conclusions *de novo*. See O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997); Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 214 B.R. 197, 199 (B.A.P. 8th Cir. 1997); see also Fed. R. Bankr. P. 8013. Mixed questions of law and fact are subject to plenary review. See Loehrer v. McDonnell Douglas Corp., 98 F.3d 1056, 1061 (8th Cir.1996).

DISCUSSION

In the telephonic hearing, the Bankruptcy Court summarized Stephens' arguments as follows: (1) since Stephens scheduled Alexander as a creditor in her case, Jensen-Carter, as successor in interest to Alexander's unfixed and unliquidated claim against Stephens by virtue of her trustee status in his case, is bound by the discharge injunction from pursuing any claims that Alexander had against Stephens; and (2) Jensen-Carter's actions are infringing on Stephens' homestead exemption in the property.

The Court agreed with Stephens that, as a general matter, because Stephens correctly scheduled Alexander as a creditor in her case due to the pending divorce action, this prevented Jensen-Carter, as trustee in Alexander's case, from taking any action to collect a debt against Stephens after she received her discharge. However, the Bankruptcy Court held, and we agree, that this general principle applies only to Jensen-Carter's status as a successor in interest to the *in personam* claims against Stephens, as would have been determined by the divorce court. The Bankruptcy Court found that this general principle did not apply in this situation, however, because Jensen-Carter was not attempting to liquidate the 875 Laurel property in her status as Alexander's successor as a creditor of Stephens. Rather, Jensen-Carter was attempting to liquidate the real estate as an asset of Alexander's estate for the benefit of his creditors. In other words, according to the Court, Jensen-Carter's attempt to liquidate his property was not an attempt to enforce a personal liability of Stephens to Alexander, but was an attempt to administer property belonging to Alexander's estate.

Thus, with that being the case, the Bankruptcy Court relied on our decision in Bank One Wisconsin, N.A. v. Annen (In re Annen), 246 B.R. 337, 340 (B.A.P. 8th Cir. 2000). In that case, the Chapter 7 debtors sought a determination from the bankruptcy court that a mortgagor bank's post-discharge declaratory judgment action

5

to void an erroneously filed mortgage satisfaction and to reinstate a mortgage on the debtors' homestead violated the discharge injunction under § 524(a)(2). The Bankruptcy Court in that case held that the bank's post-discharge attempt to reinstate the mortgage on the homestead did not violate the discharge injunction because the bank's complaint did not seek and would not result in an adjudication that the debtors were personally liable on any debt. Id. at 339. We affirmed the bankruptcy court's decision.

> Section 524(a)(2) provides that a discharge under the bankruptcy laws:
>
> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset *any such debt as a personal liability of the debtor*, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2) (emphasis added). "As is evident from the plain language of the statute, the discharge injunction applies to *in personam* actions. It does not apply to *in rem* actions." In re Annen, 246 B.R. at 340. "*In rem*" is defined as "[a] technical term used to designate proceedings or actions instituted *against the thing*, in contradistinction to personal actions, which are said to be *in personam*." Black's Law Dictionary 713 (5th ed. 1979) (emphasis in original).

We agree with the Bankruptcy Court in this case that Jensen-Carter's attempts to administer the 875 Laurel property are patently *in rem* and are not *in personam* because Jensen-Carter is merely attempting to recover the property as an asset in Alexander's estate and is not attempting to enforce or collect any debt from Stephens personally. As a result, Jensen-Carter's actions in attempting to liquidate the 875 Laurel property could not have violated the discharge injunction in Stephens' case.

We also agree with the Bankruptcy Court that, even assuming Stephens has an ownership interest in the 875 Laurel property and properly claimed a homestead

exemption therein, which is by no means certain, Stephens' alleged homestead rights are not implicated here.  As the Bankruptcy Court said, "[a]ll this does is present two parties with competing claims to the same thing, the same asset, the same res. . ." Again, since Jensen-Carter is attempting to enforce Alexander's property rights in the 875 Laurel property and is not attempting to collect any debt Stephens might owe to Alexander, Jensen-Carter is not infringing upon Stephens' alleged homestead rights.

Stephens raises several additional arguments on appeal relating to her homestead rights and various other issues.  While we have carefully considered each of her arguments, we decline to specifically address many of them here because they are either premature, irrelevant, or without merit in this appeal.

CONCLUSION

For the foregoing reasons, we conclude that the Bankruptcy Court did not err in denying Stephens' motion for an adjudication that Jensen-Carter has violated the discharge injunction in Stephens' Chapter 7 bankruptcy case.  The Bankruptcy Court's Order is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

7