**In re Connie Fowler SCOTT, Debtor.**

**Jeff Wofford, Plaintiff,**

v.

**Connie Fowler Scott, Debtor, and Alexander G. Smith, Chapter 7 Trustee, Defendants.**

Bankruptcy No. 3:05–bk–15199–JAF.

Adversary No. 3:05–ap–00332–JAF.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 27, 2006.

Albert H. Mickler, Jacksonville, FL, for Debtor.

918

Raymond R. Magley, Jacksonville, FL, for Defendants.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT AND GRANTING MOTION TO DISMISS COUNTERCLAIM

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon Defendant Connie Fowler Scott's ("Scott") Motion for Summary Judgment ("Motion for Summary Judgment"), Defendant Alexander G. Smith's, as Chapter 7 Trustee ("Trustee"), Response to Scott's Motion for Summary Judgment ("Trustee's Response to Motion for Summary Judgment"), Plaintiff Jeff Wofford's ("Wofford") Response to Scott's Motion for Summary Judgment ("Wofford's Response to Motion for Summary Judgment"), Wofford's Motion to Dismiss Counterclaim ("Motion to Dismiss"), Scott's Response to Wofford's Motion to Dismiss Counterclaim ("Response to Motion to Dismiss"), and Wofford's Reply to Scott's Response to Wofford's Motion to Dismiss Counterclaim ("Reply"). Based upon the evidence presented and the arguments of the parties, the Court finds it appropriate to deny Scott's Motion for Summary Judgment as moot and grant Wofford's Motion to Dismiss.

The procedural history of this proceeding is quite protracted. Wofford filed a complaint initiating this adversary proceeding on December 20, 2005. Scott filed a motion to dismiss the adversary proceeding on January 18, 2006, to which Wofford submitted a response on February 22, 2006. On March 6, 2006, the Court entered an order dismissing one count of the complaint without prejudice and denying dismissal of the second count. Wofford then filed an amended complaint on March 24, 2006, and Scott filed an answer on April 7, 2006. Scott's answer contained a counterclaim against Wofford for a violation of the discharge injunction set forth in 11 U.S.C. § 524(a)(2) (the "Counterclaim").

The axis upon which this proceeding revolves is a piece of residential property located at 4655 Sussex Avenue, Jacksonville, Florida 32210 ("Sussex Ave. Property"), which Wofford and Scott co-owned as a result of a complex business arrangement. The facts surrounding that arrangement are immaterial, as Wofford and Trustee entered into a compromise whereby Wofford would purchase the Sussex Ave. Property from the bankruptcy estate in the main case, Case No. 3:05–bk–15199–JAF (the "Main Case"). (See Trustee's Notice of Intent to Compromise Claims of Jeff Wofford and Notice of Intent to Sell Property of the Bankruptcy Estate to Jeff Wofford, Main Case Docket Entry 45). The Court held a hearing on July 5, 2006, and upon hearing argument of the parties (Scott objected to the compromise), entered Order Overruling [Scott's] Objection to Trustee's Notice of Intent to Compromise on July 7, 2006 (Main Case Docket Entry 56), and Order Approving Motion for Approval of Compromise on July 11, 2006 (Main Case Docket Entry 60). Because Wofford has obtained the bankruptcy estate's interest in the Sussex Ave. Property, and because Scott's interest in the Sussex Ave. Property passed to the bankruptcy estate upon filing, the underlying foundation of Wofford's adversary proceeding is moot. As a result, the Court denies Scott's Motion for Summary Judgment as moot, because the cause upon which it is based no longer exists.

Wofford's Motion to Dismiss, however, must be treated differently. Scott's Counterclaim states that Scott obtained a discharge under § 727 of the Bankruptcy Code on March 1, 2006. Because Wofford included Scott in this proceeding, Scott claims that such action violated the dis-

charge injunction as set forth in § 524(a)(2). As a result, Scott avers that she is entitled to damages, interest, attorney's fees and costs. In the Motion to Dismiss, Wofford asserts that his claims are exempt from the discharge injunction, and as such Scott's Counterclaim fails to state a claim upon which relief can be granted. In the Response to Motion to Dismiss, Scott alleges that Wofford's actions are not exempt from the discharge injunction because the inclusion of Scott in his quest for relief constituted an *in personam* action against Scott personally and not an *in rem* action against the Sussex Ave. Property. In the Reply, Wofford propounds that the imposition of an equitable lien is not an act to seek a personal debt, but an effort to establish a security interest in the debtor's property.

■ It is important to first note that despite the fact that the underlying cause of action no longer exists because of the compromise, the Court still has jurisdiction to rule on Scott's Counterclaim. The Eleventh Circuit has held that "judgment may be rendered on a counterclaim heard at a trial separate from the opposing party's claim, as long as the court has jurisdiction, even if the opposing party's claim no longer exists." *Vann v. Glen Ellyn Sav. and Loan Ass'n,* 151 F.R.D. 692, 696–97 (M.D.Fla.1993). A claim for a violation of the discharge injunction is its own cause of action over which the Court has jurisdiction. Therefore, it is within the Court's jurisdiction to rule on the Motion to Dismiss.

A court ruling based upon Federal Rules of Civil Procedure, Rule 12(b)(6) (made applicable to adversary proceedings by Bankruptcy Rule 7012), should not be taken lightly, as granting a motion to dismiss for failure to state a claim effectively terminates a plaintiff's case on its merits. *See Chatham Condo. Ass'ns v. Century Village, Inc.,* 597 F.2d 1002, 1011–12 (5th Cir.1979)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). Federal Rules of Civil Procedure, Rule 12(b)(6) and its bankruptcy parallel, Bankruptcy Rule 7012, provide that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. In making its determination on dismissal under 12(b)(6), a court can only consider facts alleged in the pleadings, as to consult extrinsic evidence would convert the motion to one for summary judgment. *Concordia v. Bendekovic,* 693 F.2d 1073, 1075 (11th Cir.1982). Great liberality should be given by the courts when reviewing pleadings for sufficiency. A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Section 524(a)(2) of the Bankruptcy Code states:

> (a) A discharge in a case under this title—...
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ....

This section operates to bar any actions to collect a personal debt against a debtor who has obtained a discharge. "As is evident from the plain language of the statute, the discharge injunction applies to *in personam* actions. It does not apply to *in rem* actions." *Bank One Wisconsin v. Annen (In re Annen),* 246 B.R. 337, 340 (8th Cir. BAP 2000). The imposition of an equitable lien is considered an *in rem* action. In this case, Wofford "is seeking

merely to establish an equitable lien—a security interest—in [Scott's] property." *Thiel v. Thiel (In re Thiel)*, 275 B.R. 633, 638 (Bankr.M.D.Fla.2001). Thus, the inclusion of Scott in Wofford's quest to impose an equitable lien was not an *in personam* action, but an *in rem* action "to achieve right and justice, considering the relations of the parties and the circumstances of their dealings." *Id.* (citation omitted).

By initiating this adversary proceeding to impose an equitable lien on the Sussex Ave. Property, Wofford was pursuing an *in rem* action against the Sussex Ave. Property, not an *in personam* action against Scott. An *in rem* action does not violate the discharge injunction. It is beyond doubt that no set of facts can support Scott's Counterclaim. Therefore, it is appropriate to grant the Motion to Dismiss. Based upon the foregoing, it is

**ORDERED:**

1. The Motion for Summary Judgment is denied as moot.
2. The Motion to Dismiss is granted.
3. The trial scheduled for August 3, 2006 at 1:30 p.m. is cancelled.