**In re Larry Kenneth ALEXANDER, Debtor.**

**Bankruptcy No. 98–33694.**

United States Bankruptcy Court, D. Minnesota, Third Division.

June 30, 1999.

Mary Jo Jensen–Carter for Trustee

Larry Kenneth Alexander, St. Paul, MN, Pro se.

## MEMORANDUM ORDER

DENNIS D. O'BRIEN, Chief Judge.

This matter came on for hearing on March 17, 1999 on the Trustee's objection to claimed exempt property. Mary Jo Jensen–Carter appeared for the Trustee in the above referenced bankruptcy estate, and Larry Kenneth Alexander, the Debtor, appeared Pro se.

The Debtor claims 875 Laurel Avenue, Saint Paul, Minnesota as his exempt homestead and the Trustee objects, based on this Court's order of December 3, 1998 that Mr. Alexander could not claim the property as an exempt homestead in his then Chapter 13 case. The December 3 order also converted the Chapter 13 case to the present Chapter 7 case. The Debtor raises a number of jurisdictional challenges to this Court's consideration of the Trustee's objection, and argues that the law of the 8th Circuit allows him to claim exemptions based upon the date of conversion of his case to Chapter 7.

This matter is a core proceeding and the Court has jurisdiction pursuant to 28 U.S.C. § 157 and 1334. Based upon all of the files, memoranda, and proceedings herein, and based upon the arguments of counsel, the Court makes the following **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure:

### I. Facts

Mr. Alexander filed his voluntary petition under Chapter 13 on June 18, 1998. He listed his home as 175 N. Lexington Parkway, Saint Paul, Minnesota. On July 6, 1998, Mr. Alexander filed a Schedule C, Property Claimed as Exempt, and listed 875 Laurel Avenue, Saint Paul, Minnesota as his exempt homestead. The Chapter 13 Trustee objected on both the statutory basis of the claimed exemption (Minn.Stat. § 550.37), as well as the Debtor's own sworn statement that he resided at 175 N. Lexington Parkway.

An amended Schedule C was filed on September 1, 1998 to claim the homestead under Minn.Stat. § 510.01. The Trustee's objection on the basis of Mr. Alexander's place of residence was heard by this Court September 9, 1998. Resolution of the ob-

jection was continued to an evidentiary hearing on November 30, 1998 where the Court ruled that Mr. Alexander's own sworn statements were inconsistent with a claim that he physically occupied 875 Laurel Avenue as a homestead on the date of filing his petition.[1] By order dated December 3, 1998 the Trustee's objection was sustained and the Debtor's case was converted to Chapter 7.

On December 21, 1998 the Debtor filed a Schedule C, Property Claimed as Exempt, in which he again claimed 875 Laurel Avenue as his exempt homestead under Minn. Stat. § 510.01. The Chapter 7 Trustee filed an objection to this exemption on February 22, 1999, and a hearing was held before this Court on March 17, 1999 to determine the Debtor's eligibility for a homestead exemption for 875 Laurel Avenue in the converted Chapter 7 case. Both the Trustee and the Debtor were allowed to submit supplemental briefs to the Court.

## II. Jurisdictional Objections

Mr. Alexander raises a number of jurisdictional challenges to this proceeding. First he claims that the Trustee's objection to his homestead exemption claim for 875 Laurel Avenue was not timely filed. Rule 4003 states: "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ..." Fed. R. Bankr.P. 4003(b). Mr. Alexander admits that his § 341 meeting of creditors was held on January 25, 1999 and that "the Chapter 7 Trustee served her notice and Objection to Claimed Exempt Property by United States mail on February 22, 1999." (Debtor's Supplemental Resp. to Trustee's Obj. to Election of Exemptions at 4.)

1. In addition to the representation on his petition, Mr. Alexander acknowledged at the November 30, 1998 hearing that he lived at 175 Lexington Avenue, without his family, at the commencement of this case. November 30, 1998 R. at 30, 31, and 44.

2. Mr. Alexander repeatedly cites *In re Stoulig* as authority for his position. In *Stoulig* the

■ While conceding that the Trustee's objection was mailed within the 30 days required under the rule, Mr. Alexander argues that Rule 6(e) of the Federal Rules of Civil Procedure, shortens the time for filing objections to 27 days when notice is served by U.S. mail. Rule 6(e) does not apply to this proceeding. The Bankruptcy equivalent of Rule 6(e) is Rule 9006(f) which states:

Additional Time After Service by Mail.

When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, **three days shall be added to the prescribed period.** Fed. R. Bankr.P. 9006(f) (emphasis added).

This rule recognizes that documents served by mail do not arrive immediately, and allows a party receiving service by mail three extra days to respond. Rule 9006(f) extends the period for response in certain situations, it does not shorten any time period under the rules. The objection filed by the Trustee was timely.

■ In the alternative, Mr. Alexander argues that Rule 4003(b) of the Federal Rules of Bankruptcy Procedure not only limits the time for filing of objections to 30 days after the creditors' meeting, but limits the Court's authority to rule on those objections to the same 30 day period. While the Rule can prevent bankruptcy courts from reviewing objections to exemptions not filed within the 30 day limitation of Rule 4003, Mr. Alexander wrongly concludes that the Court must hear and rule on objections to exemptions within the same 30 day period.[2]

5th Circuit Court of Appeals held that "the bankruptcy court was without jurisdiction to grant an extension of time to file objections to exemptions after the expiration of the thirty-day period prescribed by Rule 4003(b)." *In re Stoulig,* 45 F.3d 957 (5th Cir.1995). Nothing in this decision discusses or suggests any limitation on the Court's jurisdiction to hear

According to Mr. Alexander's theory, a properly filed objection, served and filed on the 30th day after the creditors' meeting, would have to be heard and resolved on the same day. Mr. Alexander fails to cite to any specific language in the rule, or case law, to support this supposition. There is none.

Both of Mr. Alexander's arguments on timeliness: that the objection to claimed exemption needed to be filed in 27 days; and, that the Court needed to rule within 30 days of the creditor's meeting, are without merit.

Mr. Alexander's Reply Brief of April 12, 1999 questions whether this Court has jurisdiction to consider the Trustee's objection to exemption while the conversion of this case from Chapter 13 to Chapter 7 is on appeal to the District Court. Mr. Alexander appealed this Court's December 3rd Order to the U.S. District Court by filing his notice of appeal, and statement of election that the appeal be heard by the United States District Court, on December 11, 1998. Mr. Alexander failed to make any motion for stay pending appeal to either the Bankruptcy or the District Court.

▇▇▇▇ Mr. Alexander's appeal does prevent this Court from modifying or vacating the December 3 order denying his claim to homestead exemption in the Chapter 13 case for 875 Laurel Avenue. But, it does not prevent the continued administration of the converted Chapter 7 case.

[W]hile an appeal of an order is pending, the trial court retains jurisdiction to implement or enforce the order. *Id.* This is true because in implementing an appealed order, the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review. *Id.* Accordingly, courts have recognized a distinction between

acts undertaken to enforce the judgment, which are permissible, and acts which expand upon or alter it, which are prohibited. *Hagel v. Drummond (In re Hagel),* 184 B.R. 793 at 798 (9th Cir. BAP 1995) (*citing In re Prudential Lines, Inc.,* 170 B.R. 222 at 243 (S.D.N.Y.1994)).

A remedy existed for Mr. Alexander under the Bankruptcy Rules to stay the application of the December 3 order.[3] Rule 8005 allows that: "[T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed R. Bankr.P. 8005. This rule also states: "A motion for a stay ... must ordinarily be presented to the bankruptcy judge in the first instance." *Id.* Here, rather than seek a stay, Mr. Alexander chose to take the affirmative action in the converted case of claiming the exemption to which the Trustee now objects. His objection to the Court hearing the matter is nor well founded; and, certainly does not present a jurisdictional issue.

### III. The Homestead Exemption

The parties do not dispute that Mr. Alexander lived at the Laurel property at conversion. But, the Trustee argues that eligibility for Debtor's homestead exemption is determined at the time of the filing of the original case, not at the time of conversion. Under the Trustee's theory, where Mr. Alexander resided at the time of conversion is irrelevant and, for purposes of this proceeding, it is assumed that 875 Laurel Avenue was Mr. Alexander's homestead at the time his bankruptcy case was involuntarily converted from Chapter 13 to Chapter 7. Mr. Alexander argues that a debtor in a converted Chapter 13 case may claim a homestead exemption

objections properly brought within the thirty day period.

**3.** Although Mr. Alexander is not an attorney, he has demonstrated a sophisticated understanding of the law. He submitted a 26 page

motion and memorandum of law seeking a stay pending appeal under Rule 8005 on August 7, 1998 after appealing a previous order in this case.

based on his residency at the time of conversion, citing *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th Cir.1984).

In *Lindberg* the debtors had moved during the Chapter 13 case from their home in town to their farm. Both properties were owned by the debtors at the time they filed the original Chapter 13 petition, and the home in town was scheduled as their exempt homestead. In the Chapter 7 case the debtors sought to claim the farm as exempt based on their residency at the time of conversion. The 8th Circuit held that a debtor could change homestead exemption after conversion from Chapter 13 to Chapter 7 based on residency at the time of conversion. *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th cir. 1984). However, *Lindberg* is no longer good law in light of the 1994 changes to § 348 of the Code.

> Bankruptcy Code § 348(a) states:
> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief. 11 U.S.C. § 348(a).

Exemptions are controlled by § 522. Section 522(b)(2)(A) limits a debtor's exemptions to: "any property that is exempt under Federal ... or State or local law that is applicable on the date of the filing of the petition[.]" 11 U.S.C. § 522(b)(2)(A).

The *Lindberg* Court conceded that: "When 348(a) is examined in conjunction with the code section on exemptions, § 522, these sections do appear to suggest that the date of the Chapter 13 petition controls." 735 F.2d at 1089. But the court concluded that in the case of a

voluntary conversion, since property of the estate was determined at the time of conversion, exemptions should also be determined on the date of conversion to Chapter 7. That holding was based on the equitable principle that to hold otherwise might prevent an honest debtor, with property acquired after the filing of the Chapter 13 petition, from rightfully exempting that after-acquired property in the converted Chapter 7 case [4].

The equitable underpinning of the 8th Circuit's decision in *Lindberg* was eliminated by act of Congress.[5] In 1994 the Bankruptcy Code was amended to add 11 U.S.C. § 348(f)(1) which states:

> ... when a case under chapter 13 of this title is converted to a case under another chapter under this title—
>
> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and
>
> (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case[.] 11 U.S.C. § 348(f).

The Fifth Circuit Court of Appeals examined the applicability of *Lindberg* in light of the 1994 amendments to the Bankruptcy Code and concluded that *Lindberg* had been overturned: "the 1994 amendment ... undercuts *Lindberg's* assertion that Congress intended that exemptions should be determined as of the time of conversion because the property of the estate is determined as of conversion." *Lowe v. Sandoval (In re Sandoval)*, 103 F.3d 20 at 23 (5th Cir.1997). *See also In re Weed*, 221 B.R. 256 (Bankr.D.Nev.1998). This conclusion is consistent with the Bankruptcy Appellate Panel's decision in *Mueller v. Buckley (In re Mueller)*, where

---

4. The property at issue in this case, 875 Laurel Avenue was not acquired after the filing of Mr. Alexander's Chapter 13 petition.

5. The House Report on the Bankruptcy Reform Act of 1994 notes: "This amendment overrules the holding in cases such as *Matter*

*of Lybrook*, 951 F.2d 136 (7th Cir.1991) and adopts the reasoning of *In re Bobroff*, 766 F.2d 797 (3rd Cir.1985)." The 7th Circuit decision in *Lybrook* cited *Lindberg* in support of its decision.

the B.A.P. noted: "under this section, a debtor's right to an exemption is fixed as of the date of his or her filing in bankruptcy. 11 U.S.C. § 522(b)(2)(A)." *Mueller v. Buckley (In re Mueller)*, 215 B.R. 1018 at 1022 (8th Cir. BAP 1998).

 The right to claim a homestead exemption is determined under 11 U.S.C. § 522(b) and 348(a); and, is based on the debtor's homestead at the time the original bankruptcy petition was filed. This court has already ruled in this case that 875 Laurel Avenue is not eligible for a homestead exemption by Mr. Alexander. The Trustee's objection to exemption is sustained.

### IV. Disposition

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

The Trustee's objection to the Debtor's claim of exemption of property legally described as:, Lot 8, Block 4, Except Alley and Avenue, Sanborn's Addition, Saint Paul, Ramsey County, Minnesota, otherwise referred to as 875 Laurel Avenue, and claimed by the Debtor as his homestead, is **SUSTAINED**, and the property remains property of the bankruptcy estate.