# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4285

_____

| | | |
|---|---|---|
| In re: Larry Kenneth Alexander, | * | |
| | * | |
| -------------------- | * | |
| | * | |
| Larry Kenneth Alexander, | * | On Appeal from the United States |
| | * | Bankruptcy Appellate Panel |
| Appellant, | * | for the Eighth Circuit. |
| | * | |
| v. | * | [To Be Published] |
| | * | |
| Mary Jo A. Jensen-Carter, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 3, 2000
Filed:   January 8, 2001

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Larry K. Alexander appeals the Bankruptcy Court's order sustaining an objection to his claimed homestead exemption. The Bankruptcy Appellate Panel affirmed, and so do we.

In June 1998, Alexander filed a Chapter 13 bankruptcy petition declaring under penalty of perjury that his street address was 175 North Lexington Ave., St. Paul,

Minnesota. In a later filed Schedule I, Alexander stated under penalty of perjury that at "all times relevant" 175 North Lexington was "the home of the debtor," and listed his employer's address as 875 Laurel Avenue, St. Paul. In Schedule C, however, Alexander claimed the Minnesota homestead exemption for 875 Laurel. The Chapter 13 Trustee objected to the exemption, arguing that Alexander did not live at 875 Laurel and did not occupy the property on the date he filed bankruptcy, and that, therefore, he could not claim the exemption.

During an evidentiary hearing, Alexander admitted that he listed 175 North Lexington as his home address in his petition, and that he listed 175 North Lexington as his home address and 875 Laurel as his business address in Schedule I. Shortly thereafter, in December 1998, the Bankruptcy Court issued an order sustaining the Trustee's objection and denying Alexander's homestead exemption on the basis of Alexander's sworn representations, and converted his case to a Chapter 7 bankruptcy.

Alexander filed an amended Schedule C as part of the Chapter 7 proceedings, again claiming 875 Laurel as his homestead. The Chapter 7 Trustee objected, but Alexander argued that this Court's decision in In re Lindberg, 735 F.2d 1087 (8th Cir. 1984), permitted him to exempt 875 Laurel because he was living there on the date the Bankruptcy Court converted his case. After a hearing and briefing by the parties, the Bankruptcy Court noted that when Lindberg was decided, the Bankruptcy Code provided that the property of a debtor's estate in a converted case included any new property the debtor acquired after filing bankruptcy. This being the case, the Lindberg court held equity required debtors to be allowed to claim their exemptions on the date of conversion, because to hold otherwise would deprive debtors of the opportunity to exempt from their estate property they acquired after filing their bankruptcy petition. The Bankruptcy Court held, however, that Lindberg's equitable underpinnings were eliminated when Congress enacted 11 U.S.C. § 348(f)(1)(A) as part of the Bankruptcy Reform Act of 1994, defining the property of the estate as all the property the debtor has an interest in on the date the debtor files bankruptcy. Accordingly, the Bankruptcy

-2-

Court concluded that 11 U.S.C. §§ 348(a) (conversion of case does not effect change in date of filing of petition) and 522(b)(2)(A) (debtor may exempt from property of estate any property exempt under state law that is applicable on date of filing petition) mandated that Alexander's homestead exemption be determined on the date he filed his Chapter 13 petition, and sustained the Trustee's objection. The Bankruptcy Appellate Panel affirmed the Bankruptcy Court's decision and denied Alexander's petition for rehearing.

On appeal, Alexander reiterates his position that he could claim 875 Laurel as exempt under Lindberg and argues the Chapter 7 Trustee's objection was untimely because Federal Rule of Bankruptcy Procedure 4003(b) required the Chapter 7 Trustee to file her objection within thirty days of the meeting of creditors in his Chapter 13 case rather than within thirty days of the meeting of creditors in his converted case.

Initially, we reject Alexander's challenge to the timeliness of the Chapter 7 Trustee's objection. Both the Chapter 13 and Chapter 7 Trustees filed objections to his homestead exemption within thirty days of the respective meetings of creditors. See Fed. R. Bankr. P. 4003(b) (Trustee may file objections to property claimed as exempt within 30 days after conclusion of meeting of creditors).

We have reviewed Lindberg and agree with the Bankruptcy Court that the equitable concerns underlying Lindberg are no longer relevant in light of the Bankruptcy Reform Act of 1994. As the Bankruptcy Court noted, Lindberg was motivated by the concern that debtors who had their cases converted would not have the opportunity to exempt from their estate new property they acquired after filing bankruptcy. See In re Lindberg, 735 F.2d at 1090. We held: "Only if the same date controls what is property of the estate and what exemptions may be claimed can the debtor make full use of exemption laws." Id.

After we decided Lindberg, a circuit split developed as to whether the filing date or the conversion date controlled what property formed the debtor's estate. Compare In re Bobroff, 776 F.2d 797, 803-04 (3d Cir. 1985) (original-petition filing date), with In re Lybrook, 951 F.2d 136, 137-38 (7th Cir. 1991) (conversion date). Citing Lindberg for support, the Lybrook court expressed concern that debtors in converted cases would be able to acquire new property without fear that it would become property of the estate and open to liquidation for the benefit of their creditors. See In re Lybrook, 951 F.2d at 137-38 ("a rule of once in, always in is necessary to discourage . . . opportunistic behavior that hurts creditors" and to prevent debtors from proceeding under Chapter 13 indefinitely to keep newly acquired property out of estate and away from creditors). This state of affairs changed, however, when Congress added section 348(f)(1) to the Bankruptcy Code in 1994. Section 348(f)(1)(A) provides that the property of a converted Chapter 7 estate is the property of the estate as of the date of the Chapter 13 filing. The legislative history to section 348(f)(1) indicates that Congress intended this language to overrule the holding of cases such as Lybrook in favor of those cases holding that the property of the estate in a converted case is the property the debtor had when he filed his original Chapter 13 petition. See 140 Cong. Rec. H10770 (Oct. 4, 1994).

It is clear to us that the express language of section 348(f) and its legislative history abrogates the rationale underlying Lindberg. Other courts that have considered Lindberg since the enactment of section 348(f)(1) have held as much. See In re Stamm, 222 F.3d 216, 217-18 (5th Cir. 2000) (rejecting position supported by Lindberg); In re Sandoval, 103 F.3d 20, 23 (5th Cir. 1997) (finding § 348(f) undercuts some of Lindberg's rationale); In re Beshirs, 236 B.R. 42, 45-47 (Bankr. D. Kan. 1999) (Lindberg was flawed under law in effect at time it was decided, and further undermined by changes in law); In re Ferretti, 230 B.R. 883, 888-90 (Bankr. S.D. Fla. 1999) (rejecting Lindberg's policy arguments); In re Weed, 221 B.R. 256, 258 & n.4 (Bankr. D. Nev. 1998) (§ 348(f) overruled cases citing Lindberg for support). But see In re Wegner, 243 B.R. 731, 736-37 (Bankr. D. Neb. 2000) (finding debtor's eligibility

for homestead exemption in converted case to be determined as of date of conversion "[f]or the reasons expressed in In re Lindberg"). We conclude that, when read together, sections 348(a), 348(f), and 522(b)(2)(A) provide what exemptions are available to the debtor. We therefore hold that Lindberg, which was decided before the statute was amended, has been, in effect, overruled by Congress. We further hold that the Bankruptcy Court correctly sustained the Chapter 7 Trustee's objection to Alexander's homestead exemption. See In re Smoinikar, 200 B.R. 640, 644 (Bankr. D. Minn. 1996) (Minnesota homestead exemption law requires that debtor "actually occupy" residence).

Alexander did not present his remaining arguments to the Bankruptcy Court, and thus they are not properly before this Court. See First Bank Investors' Trust v. Tarkio College, 129 F.3d 471, 477 (8th Cir. 1997) (appellate court does not consider issues not presented to bankruptcy court).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.