# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1067

_____

In re: Larry Kenneth Alexander,     *
        *
      Debtor,     *
        *
----------------------------------     *    Appeal from the United States
        *    Bankruptcy Appellate Panel
Larry Kenneth Alexander,     *    for the Eighth Circuit.
        *
      Appellant,     *    [UNPUBLISHED]
        *
    v.     *
        *
Mary Jo A. Jensen-Carter,     *
        *
      Appellee.     *

_____

Submitted: August 5, 2002
Filed: August 8, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Larry Kenneth Alexander appeals the Bankruptcy Appellate Panel's (BAP's) order affirming the bankruptcy court's[1] denial of his motion for relief from judgment

_____

[1]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

under Federal Rule of Civil Procedure 60(b) and 11 U.S.C. § 105. Alexander also has moved to strike appellee's addendum and portions of appellee's brief.

Alexander's Rule 60(b) motion sought relief from a June 1999 bankruptcy court decision disallowing his claimed homestead exemption, which the BAP and Eighth Circuit affirmed. We conclude the bankruptcy court did not abuse its discretion in denying Alexander relief. See In re Zimmerman, 869 F.2d 1126, 1127-28 (8th Cir. 1989) (standard of review); Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir.) (under law-of-case doctrine, every question which appellate court has disposed of by decree is finally settled and determined, and district court is bound to carry decree into execution according to mandate), cert. denied, 519 U.S. 815 (1996); Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1475 (8th Cir. 1994); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982). We also deny Alexander's motion to strike.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.