**In re Larry Kenneth ALEXANDER, Debtor.**

**Georgina Yvonne Stephens, Movant–Appellant,**

v.

**Mary Jo A. Jensen–Carter, Trustee–Appellee.**

**BAP No. 02–6051MN.**

United States Bankruptcy Appellate Panel for the Eighth Circuit.

Submitted: Dec. 18, 2002.

Filed: Jan. 30, 2003.

128

Georgina Yvonne Stephens, St. Paul, MN, pro se appellant.

Mary Jo A. Jensen–Carter, Vadnais Heights, MN, for appellee.

Before HILL, SCHERMER and FEDERMAN, Bankruptcy Judges.

SCHERMER, Bankruptcy Judge.

Georgina Yvonne Stephens ("Stephens") appeals from the bankruptcy court[1] order denying Stephens' motion for an order sustaining a homestead exemption in her husband's bankruptcy case. We have jurisdiction over this appeal from the final order and judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court properly disallowed the homestead exemption asserted by Stephens on behalf of her debtor husband pursuant to 11 U.S.C. § 522(*l*) and Federal Rule of Bankruptcy Procedure 4003(a). We conclude that the bankruptcy court

properly disallowed the homestead exemption that the debtor's non-debtor wife attempted to assert on behalf of her husband.

## BACKGROUND

On June 18, 1998, Larry Kenneth Alexander ("Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code. He asserted a homestead exemption in certain property located at 875 Laurel Avenue in St. Paul, Minnesota (the "Laurel Property"). The Chapter 13 Trustee objected to the exemption. After a hearing, the bankruptcy court ruled that the Debtor was not entitled to an exemption in the Laurel Property and converted the Debtor's case to Chapter 7. The Debtor appealed the order disallowing the exemption in the Laurel Property, which order was affirmed on appeal. *Alexander v. Chrysler Fin. Corp. (In re Alexander)*, 242 F.3d 373 (8th Cir.2000).

Mary Jo Jensen–Carter ("Trustee") was appointed the Trustee in the Debtor's Chapter 7 case. The Trustee filed an objection to the Debtor's asserted exemption in the Laurel Property in the Chapter 7 case, which objection was sustained. *In re Alexander*, 236 B.R. 679 (Bankr.D.Minn. 1999). The bankruptcy court's order sustaining the objection to the exemption was ultimately affirmed by the Eighth Circuit Court of Appeals. *Alexander v. Jensen–Carter (In re Alexander)*, 236 F.3d 431 (8th Cir.2001), *aff'ing* 239 B.R. 911 (8th Cir. BAP 1999).

The Debtor thereafter filed a motion for reconsideration under Federal Rule of Civil Procedure 60 seeking to exempt the Laurel Property because his wife, Stephens, and his minor child occupy the

1. The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

property. The bankruptcy court denied the motion. The Debtor appealed this order which was also ultimately affirmed by the Eighth Circuit Court of Appeals. *Alexander v. Jensen–Carter (In re Alexander)*, 44 Fed.Appx. 32 (8th Cir.2002), *aff'ing* 270 B.R. 281 (8th Cir. BAP 2001).

In October, 2001, Stephens filed a document entitled Schedule C in the Debtor's bankruptcy case attempting to claim an exemption in the Laurel Property as a dependent of the Debtor pursuant to 11 U.S.C. § 522(*l*) and Federal Rule of Bankruptcy Procedure 4003(a). Stephens subsequently filed a motion seeking an order sustaining such homestead exemption. The bankruptcy court denied Stephens' motion, concluding that to the extent she sought to establish an exemption interest of the Debtor in the Laurel Property, that matter had already been decided and litigated to final conclusion, and to the extent she sought to protect her separate interest in the property, the bankruptcy court lacked jurisdiction over such matter. Stephens now appeals from that order.[2]

## STANDARD OF REVIEW

■ The facts are not in dispute. We review the bankruptcy court's conclusions of law *de novo. Alexander v. Jensen–Carter (In re Alexander)*, 239 B.R. 911, 913 (8th Cir. BAP 1999), *aff'd* 236 F.3d 431 (8th Cir.2001).

## DISCUSSION

■ Pursuant to 11 U.S.C. § 522(*l*), a debtor shall file a list of property that the debtor claims as exempt. Such list is to be filed at the same time as the debtor's petition or within fifteen days thereafter. Fed. R. Bankr.P. 1007(b), (c) and 4003(a). If the debtor fails to timely file a list of exemptions, a dependent of the debtor may file such a list claiming property as exempt from the estate on behalf of the debtor. 11 U.S.C. § 522(*l*). If a dependent of a debtor files such a list, he or she must do so within thirty days after the deadline for the debtor to file such list. Fed. R. Bankr.P. 4003(a).

■ Stephens is not eligible to assert an exemption on behalf of the Debtor. A dependent of the debtor may assert exemptions on behalf of the debtor **only if the debtor fails to do so.** 11 U.S.C. § 522(*l*). The Debtor filed a Schedule C wherein he attempted to exempt his interest in the Laurel Property and vigorously litigated the matter to the Eighth Circuit Court of Appeals three times. Consequently, Stephens cannot assert an exemption on the Debtor's behalf.[3]

■ Furthermore, the fact that the Debtor is not entitled to an exemption in the Laurel Property has already been definitively established by the Eighth Circuit Court of Appeals. *Alexander v. Jensen–Carter (In re Alexander)*, 236 F.3d 431 (8th Cir.2001); *Alexander v. Jensen–Car-*

2. This is a summary of only a portion of the litigation concerning the Laurel Property and the respective rights of the Trustee, the Debtor, and Stephens therein. Stephens has filed two bankruptcy petitions. Additionally, at least two separate lawsuits are pending before the United States District Court for the District of Minnesota related to the Laurel Property involving Stephens and the Trustee.

3. Stephens fails to address the thirty day time limitation for asserting an exemption on be-

half of a debtor who fails to do so. Fed. R. Bankr.P. 4003(a). Here, Stephens did not attempt to assert the exemption on the Debtor's behalf until more than three years after his case was filed and converted to Chapter 13. It was only after she and her husband had repeatedly failed in their numerous attempts to exempt the property that she filed the Schedule C in his bankruptcy case. This factor alone is enough to disallow the purported exemption.

*ter (In re Alexander),* 44 Fed.Appx. 32 (8th Cir.2002). The rights of a dependent of a debtor under 11 U.S.C. § 522($l$) are derivative of the rights of the debtor and are limited to asserting exemptions that are available to the debtor. The Debtor is not entitled to an exemption in the Laurel Property no matter who attempts to assert the exemption.

To the extent Stephens' filing of the Schedule C and the motion were an attempt to assert any interest she may have in the Laurel Property as either a resident thereof or as a dependent of the Debtor, the bankruptcy court properly refused to address such issue. Stephens filed the Schedule C under 11 U.S.C. § 522($l$) and Federal Rule of Bankruptcy Procedure 4003(a) which only allow a dependent of the debtor to assert a derivative right, not an independent right. Furthermore, any dispute between the Trustee and Stephens is a matter of state law which is or can be addressed in the lawsuits pending before the United States District Court or in the Minnesota state court.

## CONCLUSION

The bankruptcy court properly concluded that the Debtor's spouse is not entitled to assert an exemption in the Laurel Property on behalf of the Debtor pursuant to 11 U.S.C. § 522($l$). Accordingly, we AFFIRM.