# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

―――――――

No. 02-6042 MN

―――――――

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Steven R. Johnson, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Jasmine Z. Keller, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Trustee-Appellant, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| Steven R. Johnson, | * | |
| | * | |
| Debtor-Appellee. | * | |

―――――――

Submitted: January 15, 2003
Filed: February 4, 2003

―――――――

Before HILL, SCHERMER and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The Chapter 13 Trustee, Jasmine Z. Keller ("Trustee"), appeals from the bankruptcy court[1] order denying her objection to the Debtor's homestead exemption under 11 U.S.C. § 522(d)(1). We have jurisdiction over this appeal from the final order and judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the debtor's lien in certain real property occupied by his dependent child and former spouse may be exempted from his bankruptcy estate pursuant to 11 U.S.C. § 522(d)(1). We conclude that the Debtor is entitled to the exemption.

## BACKGROUND

Steven R. Johnson ("Debtor") was divorced in 2001. Pursuant to the divorce decree, all right, title and interest in the marital residence of the Debtor and his wife ("Real Property") was awarded to the wife subject to all encumbrances of record and a lien in favor the Debtor. The Debtor's former wife and their minor child reside in the Real Property.

In 2002, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor asserted an exemption in his interest in the Real Property under 11 U.S.C. § 522(d)(1) as property that a dependent of the Debtor uses as a residence. The Trustee objected to the Debtor's claimed exemption. The Court overruled the Trustee's objection. This appeal followed.

---

[1]The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

STANDARD OF REVIEW

The facts are not in dispute. We review the bankruptcy court's conclusions of law *de novo. Alexander v. Jenson-Carter (In re Alexander)*, 239 B.R. 911, 913 (B.A.P. 8th Cir. 1999), *aff'd* 236 F.3d 431 (8th Cir. 2001).

DISCUSSION

Pursuant to 11 U.S.C. § 522(d)(1), a debtor may exempt the "debtor's aggregate interest, not to exceed $17,425 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence. . . ." The parties do not dispute that the Real Property is the residence of the minor child and that the minor child is a dependent of the Debtor. The Real Property therefore qualifies as real property that a dependent of the Debtor uses as a residence. The parties disagree as to whether the Debtor's lien interest in the Real Property is exemptible pursuant to 11 U.S.C. § 522(d)(1). The Debtor argues that his lien interest is an "aggregate interest" in the Real Property. The Trustee asserts that a lien is not an interest in real property under Minnesota law and therefore the Debtor has no interest in the Real Property. Rather, a lien is personal property. The Trustee argues that the minor child does not live in the lien and therefore the lien is not personal property used by the child as a residence.

We look to the language of 11 U.S.C. § 522(d)(1) to determine whether the Debtor's interest in the Real Property qualifies for exemption thereunder. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000); *Rousey v. Jacoway (In re Rousey)*, 283 B.R. 265, 272 (B.A.P. 8th Cir. 2002). According to the plain language of the statute, the Debtor's "aggregate interest" in real property that his dependent uses as a residence qualifies for exemption. The Bankruptcy Code does not define or qualify "aggregate interest." It does define "lien" as a "charge against or interest in property to secure payment of

3

a debt or performance of an obligation." 11 U.S.C. § 101(37). We therefore conclude that a lien is an interest in real property and qualifies as an aggregate interest in the minor child's residence under 11 U.S.C. § 522(d)(1).

This result is consistent with the general principle that exemption statutes should be construed liberally in favor of the debtor. *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631-32 (8th Cir. 1991); *Rousey v. Jacoway (In re Rousey)*, 283 B.R. 265, 272 (B.A.P. 8th Cir. 2002).

The Trustee argues that state law governs the nature, extent, and type of interest a Debtor has in property. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Under Minnesota law, a lien is not an interest in real property. *Granse & Assocs., Inc. v. Kimm*, 529 N.W.2d 6 (Minn. App. 1995), *rev. denied* (Minn. Apr. 27, 1995); *Mueller v. Buckley (In re Mueller)*, 215 B.R. 1018, 1023 n.8 (B.A.P. 8th Cir. 1998), *citing Oldewurtel v. Redding*, 421 N.W.2d 722, 726 (Minn.1988); *Gau v. Hyland (In re Gau)*, 230 Minn. 235, 240, 41 N.W.2d 444, 448 (1950); *Bidwell v. Webb*, 10 Minn. 59, 62 (Minn.1865); *Granse & Assocs.*, *supra*; and *State Bank v. Schwenk*, 395 N.W.2d 371, 375 (Minn.Ct.App.1986), *rev. denied* (Minn. Nov. 26, 1986). Therefore the Debtor has no interest in the Real Property. Under the Trustee's theory, the Debtor's lien is personal property. Personal property only qualifies for the exemption if the minor child resides in the personal property. A person cannot reside in a lien and therefore the lien does not qualify under the exemption.

Generally we look to state law for guidance to determine property interests. If the Debtor had elected Minnesota exemptions under 11 U.S.C. § 522(b), we would agree with the Trustee that Minnesota law governs the property interest and that his lien does not qualify for exemption under Minnesota's homestead exemption statute, Minn. Stat. Ann. §§ 510.01 and 510.02. However, the State of Minnesota gave its citizens the right to choose either federal or state exemptions when filing bankruptcy.

Where the Debtor elects the federal exemptions rather than the state exemptions, federal rules of statutory interpretation control. We look within the federal statute, including the definition of a lien in 11 U.S.C. § 101(37), for guidance in interpreting the statute. Where, as here, the federal statute is clear on its face, we have no need to look to state law.

We acknowledge that the result under the federal exemption differs from the result under the state exemption. In giving its citizens the choice of either state or federal exemptions, the Minnesota legislature implicitly acknowledged that the result might differ depending on which statutory exemption scheme a debtor elects.[2]

CONCLUSION

The Debtor is entitled to an exemption in the Real Property pursuant to 11 U.S.C. § 522(d)(1). Accordingly, we AFFIRM.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

---

[2] For example, the dollar limit for a nonagricultural homestead under the Minnesota Statute is $200,000, whereas the dollar limit under the federal statute is $17,425. Compare Minn. Stat. Ann. § 510.02 with 11 U.S.C. § 522(d)(1). Where a debtor has an interest with a value greater than $17,425, the amount the debtor could exempt would vary under the two statutes. In such a scenario, presumably a debtor would elect the federal homestead exemption only if the state homestead exemption was not otherwise available.

5