# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 02-6064 MN

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Larry Kenneth Alexander, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Larry Kenneth Alexander, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Movant-Appellant, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| Mary Jo A. Jensen-Carter, | * | |
| | * | |
| Trustee-Appellee, | * | |
| | * | |
| Habbo G. Fokkena, | * | |
| | * | |
| U.S. Trustee-Appellee. | * | |

---

Submitted: February 4, 2003
Filed: March 13, 2003

---

Before HILL, SCHERMER and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Debtor Larry Kenneth Alexander ("Debtor") appeals from the bankruptcy court[1] order denying his motion to remove the trustee, denying his motion requesting an order requiring the trustee to abandon certain real property, and enjoining him from filing any further motions or proceedings related to such real property and/or the trustee's administration thereof. We have jurisdiction over this appeal from the final order and judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). We affirm.

## ISSUES

The first issue on appeal is whether the bankruptcy court erred when it denied the Debtor's motion to remove the trustee for misconduct. We conclude that the bankruptcy court did not commit error in denying the motion. The second issue on appeal is whether the bankruptcy court erred when it denied the Debtor's motion for an order requiring the abandonment of the property. We conclude that the bankruptcy court did not err in denying the motion. The final issue on appeal is whether the bankruptcy court erred in enjoining the Debtor from filing any further motions related to the trustee's administration of the bankruptcy estate and the property. We conclude that the bankruptcy court properly issued the injunction.

## BACKGROUND

On June 18, 1998, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. He asserted a homestead exemption in certain property located at 875 Laurel Avenue in St. Paul, Minnesota (the "Laurel Property"). The Chapter 13 Trustee objected to the exemption. After a hearing, the bankruptcy court ruled that the Debtor was not entitled to an exemption in the Laurel Property and converted the Debtor's case to Chapter 7. The Debtor appealed the order disallowing the exemption

---

[1]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

2

in the Laurel Property, which order was affirmed on appeal. *Alexander v. Chrysler Fin. Corp. (In re Alexander)*, 242 F.3d 373 (8th Cir. 2000).

Mary Jo Jensen-Carter ("Trustee") was appointed the Trustee in the Debtor's Chapter 7 case. The Trustee filed an objection to the Debtor's asserted exemption in the Laurel Property in the Chapter 7 case, which objection was sustained. *In re Alexander*, 236 B.R. 679 (Bankr. D. Minn. 1999). The bankruptcy court's order sustaining the objection to the exemption was ultimately affirmed by the Eighth Circuit Court of Appeals. *Alexander v. Jensen-Carter (In re Alexander)*, 236 F.3d 431 (8th Cir. 2001), *aff'ing* 239 B.R. 911 (B.A.P. 8th Cir. 1999).

The Debtor thereafter filed a motion for reconsideration under Federal Rule of Civil Procedure 60 seeking to exempt the Laurel Property because his wife, Georgina Yvonne Stephens ("Stephens"), and his minor child occupy the property. The bankruptcy court denied the motion. The Debtor appealed this order which was also ultimately affirmed by the Eighth Circuit Court of Appeals. *Alexander v. Jensen-Carter (In re Alexander)*, 44 Fed. Appx. 32 (8th Cir. 2002), *aff'ing* 270 B.R. 281 (B.A.P. 8th Cir. 2001).

In October, 2001, Stephens attempted to claim an exemption in the Laurel Property in the Debtor's bankruptcy case as a dependent of the Debtor pursuant to 11 U.S.C. § 522(l) and Federal Rule of Bankruptcy Procedure 4003(a). The bankruptcy court denied Stephens' motion seeking an order sustaining such homestead exemption. Stephens appealed that order which was affirmed by the Bankruptcy Appellate Panel for the Eighth Circuit. *Stephens v. Jensen-Carter (In re Alexander)*, 288 B.R. 127 (B.A.P. 8th Cir. 2003).[2]

---

[2] This is a summary of only a portion of the litigation concerning the Laurel Property and the respective rights of the Trustee, the Debtor, and Stephens therein. Stephens has filed two bankruptcy petitions. Additionally, at least two separate lawsuits are pending before the United States District Court for the District of

On September 23, 2002, the Debtor filed his motion to remove the Trustee and for an order requiring the abandonment of the Laurel Property. The bankruptcy court conducted a hearing on the motion on October 22, 2002, at which time the court entered its order denying the Debtor's request to remove the Trustee, denying the Debtor's request for an order requiring the abandonment of the Laurel Property, and enjoining the Debtor from filing any further motions or proceedings related to the Trustee's administration of the Debtor's bankruptcy estate and/or the Laurel Property and from filing a motion for reconsideration of such order. The Debtor appeals this order.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. Alexander v. Jenson-Carter (In re Alexander)*, 239 B.R. 911, 913 (B.A.P. 8th Cir. 1999), *aff'd* 236 F.3d 431 (8th Cir. 2001). We review the bankruptcy court's issuance of an injunction for an abuse of discretion. *Alexander v. Jenson-Carter (In re Alexander)*, 270 B.R. 281, 286 (B.A.P. 8th Cir. 1999), *aff'd* 44 Fed. Appx. 32 (8th Cir. 2002).

## DISCUSSION

The Debtor's motion is is yet another attempt by the Debtor to exempt his interest in the Laurel Property. The Laurel Property is part of the Debtor's Chapter 7 bankruptcy estate. 11 U.S.C. § 541(a). It has been definitively determined that the Debtor is not entitled to any exemption in the Laurel Property. *Alexander v. Jensen-Carter (In re Alexander)*, 236 F.3d 431 (8th Cir. 2001), *aff'g* 239 B.R. 911 (B.A.P. 8th Cir. 1999), *aff'g* 236 B.R. 679 (Bankr. D. Minn. 1999); *Alexander v. Jensen-Carter (In re Alexander)*, 44 Fed. Appx. 32 (8th Cir. 2002), *aff'g* 270 B.R. 281 (B.A.P. 8th Cir.

---

Minnesota and the Minnesota state court related to the Laurel Property.

2001). The Trustee has a duty to administer the Laurel Property as property of the estate. 11 U.S.C. § 704. The Debtor's motion to remove the Trustee and for an order requiring the abandonment of the Laurel Property lacks any merit and is yet another thinly veiled attempt to exempt the property despite numerous prior failed attempts by both the Debtor and his non-debtor wife to prevent the Trustee from performing her duties and administering this estate asset.

I.      REMOVAL OF A TRUSTEE

Pursuant to 11 U.S.C. § 324(a), the bankruptcy court may remove a trustee for cause. As the movant, the Debtor bears the burden of establishing cause by setting forth specific facts which support the removal of the Trustee. *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 471 (3rd Cir. 1998); *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 692 (7th Cir. 1991). A conclusory contention unsupported by specific facts does not constitute sufficient grounds for the removal of a trustee. *In re Schultz Mfg.*, 956 F.2d at 692.

The Debtor failed to establish any fact supporting the removal of the Trustee. The Debtor merely established that he believes his wife is entitled to an exemption in the Laurel Property. The Debtor failed to articulate any fact which would support removal of the Trustee. The Debtor is merely attempting yet again to thwart the Trustee's efforts to administer the Laurel Property. Without a scintilla of evidence establishing cause to remove the Trustee, the bankruptcy court properly denied the motion.

II.     ABANDONMENT OF PROPERTY

Pursuant to 11 U.S.C. § 554(b), on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the

estate. The party seeking abandonment must establish that the property is either burdensome or of inconsequential benefit and value.

With respect to the Laurel Property, the Trustee testified that she believes the value to be $300,000 based on the tax statement value of "over $300,000." (Transcript, p. 36.) The Debtor testified that he believed the property was worth less than $200,000 on the date he filed his bankruptcy petition. (Transcript, p. 33.) The undisputed evidence established that the mortgage indebtedness encumbering the property is $30,000. It has already been conclusively established that neither the Debtor nor his wife are entitled to any exemptions in the property. The record thus supports the conclusion that the Laurel Property has value for the estate.

The Debtor argues that Stephens is entitled to a $200,000 homestead exemption in the property because she is his wife. The Debtor presented no evidence to support his belief. Nonetheless, even if his wife were entitled to $200,000 from the proceeds of the sale of the Laurel Property, the property still has value and benefit to the estate. The evidence supports the conclusion that the property has a value of $300,000 which is sufficient to satisfy the $30,000 mortgage and any $200,000 interest of the wife with $70,000 remaining for the Debtor's bankruptcy estate. The Debtor did not meet the burden of establishing that the property is burdensome or of inconsequential value and benefit to the estate. The bankruptcy court properly denied the motion for abandonment.

III.     INJUNCTIVE RELIEF

Upon the Trustee's request, the bankruptcy court enjoined the Debtor from filing any more motions or proceedings with the bankruptcy court related to the Trustee's administration of the estate and/or the Laurel Property and enjoined him from filing a motion to reconsider his latest order. Pursuant to 11 U.S.C. § 105(a), the bankruptcy court is authorized to issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of the Bankruptcy Code. The issuance of an injunction under 11 U.S.C. § 105(a) is appropriate to protect the assets of the debtor's estate. *NLRB v. Superior Forwarding, Inc.*, 762 F.2d 695, 698 (8th Cir. 1985).

The bankruptcy court properly considered the request for injunctive relief, heard arguments, and determined that it has been definitively established that the Laurel Property is property of the Debtor's bankruptcy estate and that the Trustee is entitled to administer the asset. The court considered the fees and costs continuing to accrue as the Trustee is forced to relitigate the same issues with the Debtor and his wife and the negative impact thereof on the estate and its creditors. The court limited the injunction to any further proceedings in the bankruptcy court. The court did not enjoin the Debtor from pursuing any rights he may have with respect to the Laurel Property in any other forum, including the state courts of Minnesota and the United States District Court for the District of Minnesota where lawsuits related to the property were pending at the time. Nor did the court enjoin the Debtor from appealing its order. Rather, the court narrowly drafted the injunction to prevent yet another attempt by the Debtor to assert an exemption in the Laurel Property and thus relitigate issues which have been previously decided by the Eighth Circuit Court of Appeals and are now governed by the law of the case. *Graven v. Fink (In re Graven)*, 186 F.3d 871, 872 (8th Cir. 1999). The bankruptcy court did not abuse its discretion in entering the injunction.

CONCLUSION

The bankruptcy court properly denied the Debtor's motion to remove the Trustee and for an order compelling abandonment of the Laurel Property. Furthermore, the bankruptcy court did not abuse its discretion in enjoining the Debtor from further litigation before the bankruptcy court related to the Laurel Property. Accordingly, we AFFIRM.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT