# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3814

_____

In re:  Interstate Bakeries Corporation,    *
also known as Butternut Bakeries, also    *
known as Colombo Bakery, also    *
known as Continental Baking    *
Company, also known as Cotton's    *
Holsum Bakeries, also known as    *
DiCarlo Bakery, also known as    *
Dolly Madison Bakery, also known as    *
Drake's Bakery, also known as Eddy's    *
Bakery, also known as Holsum Bakery,    *
also known as Hostess Bakeries, also    *
known as Interstate Brands    *
Companies, also known as Interstate    *
Brands West Corporation, also known    *
as J.J. Nissen Bakery, also known as    *
Merita Bakeries, also known as    *
Millbrook Bakeries, also known as My    *
Bread Bakery, also known as Parisian    *
Bakery, also known as San    *
Francisco French Bread Company, also    *
known as Sunbeam Bakery, also    *
known as Sweetheart Bakery, also    *
known as Weber's Bread, also    *
known as Wonder Bakeries, also    *
known as Wonder/Hostess Bakeries,    *
    *
        Debtor,    *
    *
----------------------------------------------    *

U. S. Bank National Association, in      *
its capacity as Trustee for the IBC      *
Creditors Trust,                         *
                                         *
            Appellee,                    *
                                         *   Appeal from the United States
      v.                                 *   Bankruptcy Appellate Panel
                                         *   for the Eighth Circuit.
SMF Energy Corporation, doing            *
business as Streicher Mobile             *   [UNPUBLISHED]
Fueling, Inc.,                           *
                                         *
            Appellant.                   *

_____

Submitted: July 30, 2012
Filed: August 2, 2012

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this appeal arising from Chapter 11 filings by Interstate Bakeries Corporation (IBC) and seven of its affiliates, SMF Energy Corporation, doing business as Streicher Mobile Fueling, Inc. appeals the decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's[1] adverse judgment on preference-avoidance claims asserted by U.S. Bank National Association, the Trustee for the IBC Creditors' Trust.

_____

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

This court applies the same standards of review as the BAP: we review the bankruptcy court's factual findings for clear error, and we review its conclusions of law de novo. See In re Vote, 276 F.3d 1024, 1026 (8th Cir. 2002) (standards of review). After careful review of the record and the parties' arguments on appeal, we agree with the BAP that there is no basis for reversing the judgment of the bankruptcy court. See Fed. R. Civ. P. 3 (civil action is commenced by filing complaint with court), 15(c)(1)(B) (amendment to pleading relates back to date of original pleading when amendment asserts claim or defense that arose out of conduct, transaction, or occurrence set out in original pleading); Fed. R. Bankr. P. 7003 (Fed. R. Civ. P. 3 applies in bankruptcy proceedings), 7015 (Fed. R. Civ. P. 15 applies in adversary proceedings); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 150 n.3 (1984) (per curiam) (rationale of Fed. R. Civ. P. 15(c) is that party who has been notified of litigation concerning particular occurrence has been given all notice that statutes of limitations were intended to provide); Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co., 347 F.2d 921, 922 (8th Cir. 1965) (rejecting defendant's contention that, in addition to filing complaint, reasonable diligence in obtaining service of process was required to toll statute of limitations; plain, clear, well-understood and unambiguous language of Rule 3 provides that civil action is commenced by filing complaint with court, and rule sets forth no additional requirements or conditions); see also Fed. R. Civ. P. 42(b) (for convenience, to avoid prejudice, or to expedite and economize, court may order separate trial of one or more separate claims); Fed. R. Bankr. P. 7042 (Fed. R. Civ. P. 42 applies in adversary proceedings); In re Alexander, 236 F.3d 431, 433 (8th Cir. 2001) (per curiam) (arguments not presented to bankruptcy court were not properly before court of appeals).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____