**In re LIMA DAYS INN, LTD., An Ohio Limited Partnership fdba Reilco Project 50, Debtor.**

**Bankruptcy No. 79–01519.**

United States Bankruptcy Court,
N. D. Ohio,
Western Division.

March 27, 1981.

Ralph A. Skilken, Jr., Dayton, Ohio, for Reilco.

Quentin M. Derryberry, II, Lima, Ohio, Trustee in Bankruptcy.

## MEMORANDUM AND ORDER DENYING APPLICATION TO ABANDON

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon the application of Real Estate Investors Land Corporation (Reilco), the general partner of the Debtor, Lima Days Inn, Ltd., an Ohio limited partnership, for an order directing the Trustee of the Debtor to abandon the Trustee's interest, if any, in certain real property. The property is owned by REILCO Project 10, Ltd. (REILCO, Ltd.), another Ohio limited partnership, in which Reilco also has an interest as a general partner. Neither REILCO, Ltd., nor Reilco are debtors in a case under Title 11 U.S.C. Quentin M. Derryberry II, the Trustee herein, filed objections to the application and requested a hearing.

The issue presented is whether or not the Debtor has some beneficial right or interest in the property of REILCO, Ltd., a third party, sufficient to constitute "property of the estate", as defined by 11 U.S.C. 541.

■ The scope of Section 541 is extremely broad and includes all kinds of property such as, legal or equitable interests, tangible or intangible property, choses in action, and beneficial rights and interests that the Debtor has in the property of another. However, it does not expand those rights. The Trustee will receive no greater interest in the property than the Debtor had at the commencement of the case. See *House Report* No. 95–595, 95th Cong. 1st Sess. (1977) 367–8; *Senate Report* No. 95–989, 95th Cong. 2d Sess. (1978) 82–3, U.S.Code Cong. & Admin.News 1978, p. 5787.

■ Upon consideration of the evidence adduced at the hearing and the Memoranda of Counsel, the Court finds that legal title to the real estate, consisting of 82 acres of undeveloped land in Montgomery County, Ohio, is vested in REILCO, Ltd., and not in the debtor. Although Reilco, the Debtor's general partner, may have some interest in the property, such interest does not inure to the benefit of the Trustee as property of the estate. The limited partnership Trustee's rights against its general partner and its property are limited to a chose in action pursuant to 11 U.S.C. 723. This section provides as follows:

"(a) If there is a deficiency of property of the estate to pay in full all claims allowed in a case under this title concerning a partnership, then each general partner in such partnership is liable to the trustee for the full amount of such deficiency."

"(b) To the extent practicable, the trustee shall first seek recovery of such deficiency from any general partner in such partnership that is not a debtor in a case under this title. Pending determination of such deficiency, the court may order any such partner to provide the estate with indemnity for, or assurance of payment of, any deficiency recoverable from such partner, or not to dispose of property."

This section makes it clear that each general partner is liable to the partnership trustee for any deficiency of assets of the partnership estate to pay all allowed claims.

In such event the trustee has a right of action to recover the amount of the deficiency from the general partner not in bankruptcy.

■ The Legislative History states that although the partnership trustee has a judicial lien under Section 544(a) on the chose in action which passes to the estate, it does not extend to the general partner's property directly. *House Report* No. 95–595, Pg. 199–200 (1977); U.S.Code Cong. & Admin. News 1978, pp. 6160, 6161:

"To the extent practicable the trustee of the partnership under chapter 7 should first seek recovery from those general partners that are not debtors under title 11. Under 11 U.S.C. 723(b) the court is empowered to order any such partner to provide assurance that the partnership's estate will be paid.

Thus the court may use 11 U.S.C. 105 to enjoin creditors of the partner from levying on the partners property or from obtaining liens thereon. This may need to be done because the judicial lien of the partnership's trustee under 11 U.S.C. 544(a) does not extend to property of the partners. Section 40 of the Uniform Partnership Act gives the partnership a right to compel contributions from the partner's, but the lien under 11 U.S.C. 544(a) is only on the chose in action not on the property directly. The chose in action passes to the estate of the partnership under 11 U.S.C. 541(a), and an additional action on behalf of partnership creditors against the partners will usually lie under 11 U.S.C. 544(c)(sic). However, these rights are not self executing; the trustee in a chapter 7 or 11 case may choose whether to initiate an action for recovery."

Consequently, notwithstanding that the general partner may have some interest in the real property owned by REILCO, Ltd., the Trustee is restricted only to a chose in action against the partner, and not to any interest it may have in the property directly. While the chose in action passes to the estate the property itself does not.

Section 554 authorizes the Court to order the Trustee to abandon property of the estate that is of inconsequential value. The Trustee's chose in action against the general partner may have substantial value to the estate and should be preserved. However, since the Debtor has no legal, equitable, or beneficial right, title or interest in or against the real property the trustee can take no greater rights to it, and it can not constitute property of the estate. The Court having no jurisdiction over the property an order of abandonment would be a nullity. The Court therefore finds that the application to abandon is not well taken and should be denied.

In accordance with the foregoing, it is, therefore,

ORDERED that the application of Reilco for an order directing the Trustee to abandon property be and it hereby is denied.