### In re PEPPER RIDGE BLUEBERRY FARMS, a Partnership, Debtor.

### Bankruptcy No. NG 83–01019.

United States Bankruptcy Court, W.D. Michigan.

Oct. 7, 1983.

DeGroot, Triant, Conklin & Carpenter, P.C., David L. Conklin, Grand Rapids, Mich., for petitioners.

John V. Zadvinskis, Grand Rapids, Mich., for respondents.

## OPINION AND ORDER

### ABANDONMENT—MOTIONS—ADVERSARY PROCEEDINGS

DAVID E. NIMS, Jr., Bankruptcy Judge.

Pepper Ridge Blueberry Farms, a co-partnership consisting of Keith Yonker and his three sons, filed under Chapter 11 on April 15, 1983. Petitioners Thomas W. Keller and Marcia E. Keller, husband and wife, and land contract vendors, filed a "motion for abandonment" on the grounds that certain property was not property of the estate. Kellers claim that farm equipment and a certain parcel of real estate are assets of Keith Yonker and his wife Lois, having been purchased by them prior to formation of the partnership. All real property in question had been forclosed upon and sold prior to filing. The redemption period was to expire June 7, 1983. Kellers' second claim is that under 11 U.S.C. § 108, the trustee or debtor in possession has two months or until the end of the redemption period to redeem the property; since that has not happened, the estate has no more interest in the property and they have an immediate right to possession.

The issue raised by Kellers is whether or not the partnership has an interest in the property so that it is property of the estate. A more immediate issue is whether Kellers properly initiated this action by a "motion for abandonment."

For the reasons which follow, Kellers should have filed a complaint as an adversary proceeding pursuant to Bankruptcy Rule 7001.

Bankruptcy Rule 701 provides:

"The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to (1) recover money or property, other than a proceeding under Rule 220 or Rule 604, (2) determine the validity, priority, or extent of a lien or other interest in property, * * * "

Rule 7001 of the new rules, effective August 1, 1983, provides:

"An adversary proceeding is governed by the rules of this Part VII. It is a proceeding in a bankruptcy court (1) to recover money or property, except a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002, (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), * * * "

Kellers' motion was filed prior to August 1, 1983, however, the new rules apply to proceedings pending on August 1, 1983, unless to do so would be unfeasible or cause a substantial injustice.

The grounds for granting a motion for abandonment are stated in *In re Ira Haupt & Company*, 398 F.2d 607 (2nd Cir.1968):

"The courts have always recognized that a trustee is under no duty to retain the title to a piece of property or a cause of action that is so heavily encumbered,

or so costly in preserving or securing, that it does not promise any benefit to the funds available for distribution. * * When he reaches such a conclusion, he should submit the matter for determination by the referee."

Prior to the effective date of the Bankruptcy Rules of 1973 no statute or rules mentioned the right to abandon property. However, there was a long line of cases that established that right in a trustee. See 4A Collier on Bankruptcy Section 70.42 (14th Ed.1978). There was no set procedure to be followed and as indicated by Collier, *supra,* there was authority for the proposition that no formal act was necessary and any clear indication of the trustee's intent would suffice. There was no necessity of notice and hearing. It was the practice of this court and many others to suggest to trustees that they file a petition and obtain an order of abandonment so that a record might be made and there would be no question of the trustee's intent. The court even prepared and distributed to trustees printed combined forms for petition and order and these forms were probably used more often than any other. The 1973 Bankruptcy Rules included Bankruptcy Rule 608 which for the first time codified the preferred practice. This rule provided that the "court *may,* on application or on its own initiative and after hearing and such notice as it may direct, approve the abandonment of any property * * *."

Bankruptcy Rule 608 was superceded by 11 U.S.C. Section 554. Although it might have been claimed that Bankruptcy Rule 608 might be broad enough to allow a creditor to apply for an abandonment, this never became a common practice. However, 11 U.S.C. Section 554 specifically provides in Subsection (b) that "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate." The 1981 Collier Pamphlet Edition of the Bankruptcy Code refers to 124 Cong.Rec. H. 11098 (Sept. 28, 1978): § 17414 (Oct. 6, 1978) as stating that Section 554(b) is new.

Here we have an apparent conflict between the simple procedure of abandonment and the more formal procedure of an adversary proceedings. A motion to require abandonment requires no filing fee, and since the statute only requires "notice and hearing" it is not even necessary to set the motion for hearing unless requested by an interested party. 11 U.S.C. § 102(1). On the other hand, an adversary proceeding requires a $60.00 filing fee, a summons, usually a pre-trial and the setting of a trial date which may result in several months delay, depending upon the schedule of the court.

It is my opinion that Congress only intended the abandonment proceeding to be used where there is no question of facts or law involved and for a trustee or debtor in possession to hold assets for no benefit to the estate would be unconscionable. Otherwise a creditor or one claiming title or ownership should proceed to either file a motion for relief from stay or a complaint under Rule 7001.

In *In re Lima Days Inn Ltd.,* 7 B.C.D. 532, 10 B.R. 173 (Bkrtcy.N.D.Ohio 1981), the individual general partner had an interest in real estate. He made an application for an order directing the trustee of the partnership debtor to abandon any of the trustee's interest in the real estate. The issue was stated to be whether or not the debtor-partnership had any rights or interest in the property. The court held that although the trustee had a right of action against the general partner for any deficiency of assets in the partnership estate, such an interest did not extend to the partner's real estate directly. The court further stated:

"Section 554 authorizes the court to order the trustee to abandon property of inconsequential value * * * However since the debtor (partnership) has no legal, equitable or beneficial right, title or interest in or against the real property, the trustee can take no greater rights to it, and it cannot constitute property of the estate. The court having no jurisdiction over the property, an order of aban-

donment would be a nullity. The court therefore finds that the application to abandon is not well taken and should be denied."

 No procedural question was raised here. The court did however state plainly that since property was not property of the estate, an order of abandonment would be a nullity. The same would be true in our case should plaintiff-creditors be correct in asserting that certain property is not part of the debtor-partnership estate.

The motion of Kellers for an order requiring abandonment is dismissed without costs and without prejudice to the Kellers to file a complaint under Bankruptcy Rule 7001 or a motion for relief from stay under Section 362(d).