In re William C. MILLER, Debtor.

William C. Miller, Appellant,

v.

David L. Miller, Trustee; Corey L. Ericksen; Joseph Huey; Beneficial Mortgage Company of Utah; Erkelens and Olson; Price Waterhouse Coopers; and United States Trustee, Appellees.

BAP No. UT–03–023.
Bankruptcy No. 02T–23053.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Dec. 31, 2003.

9. *See* 8 COLLIER ON BANKRUPTCY ¶ 1300.02 (15th Ed. Rev.2002).

William C. Miller, pro se.

Duane H. Gillman, R. Mont McDowell, and Michael F. Thomson, McDowell & Gillman, P.C., Salt Lake City, UT, for Appellee David L. Miller, Trustee.

Before BOHANON, CORNISH, and MICHAEL, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

Debtor William C. Miller ("Debtor") appeals an order of the United States Bankruptcy Court for the District of Utah denying his Emergency Motion for Order Removing David L. Miller as Chapter 7 Trustee, Duane H. Gillman as Attorney for Trustee, Erkelens and Olson as Auctioneers for Trustee, and Price Waterhouse Coopers as Accountants for Trustee, Due to a Continuous Pattern of Improper Conduct, and the Immediate Return of All Assets to Their Proper Owners Due to Jeopardy of These Assets under Seizure ("Motion"). For the reasons set forth below, we affirm in part and dismiss the appeal in part.

## BACKGROUND

An involuntary petition was filed against the Debtor in February 2002. The bankruptcy court entered an order for relief in September 2002, and Appellee David L. Miller ("Trustee") was appointed Trustee. Shortly after his appointment, the Trustee took actions to secure property known as the "Old Coke Plant." At the time the Trustee secured the Old Coke Plant, it contained (1) items of personal property, including antiques and collectibles, at least some of which are owned by the Debtor, and some of which the Debtor alleges belong to other individuals, including Mary Cole, Blake McCloy, and Mike Occhipinti; (2) items of manufacturing or production equipment and business records, which the Debtor alleges are property of Miller Visual Dynamics ("MVD"), a company of which the Debtor is a minority shareholder and former officer; and (3) some pets, including cats and fish, that were owned by the Debtor.

The Trustee allowed the Debtor to retrieve his own clothing, personal effects, and some papers from the Old Coke Plant. The business records were taken to Price Waterhouse Coopers, which the Trustee had retained as accountants. The rest of the personal property and equipment remains in the Old Coke Plant or in a warehouse of the Trustee's auctioneer, Erkelens and Olson.[1]

The Debtor's Motion asked that the Trustee and his professionals be removed as a result of misconduct in securing and maintaining the Old Coke Plant and the items contained therein and misconduct in interactions with others, including improperly favoring the creditors who filed the involuntary petition against the Debtor.

1. Erkelens and Olson was to conduct an auction of the property it is holding, but the bankruptcy court's order allowing the auction to take place has been stayed pending appeal in a separate case, BAP No. UT–02–082.

The Motion also asked that property be returned to MVD and to other individuals.

The bankruptcy court held a hearing on the Motion over four days, receiving testimony of witnesses and documentary evidence from the Debtor and the Trustee, and allowing argument from the Debtor, the Trustee's attorney, the United States Trustee, and the attorney for MVD. At the end of the hearing, the bankruptcy court announced that it would deny the Motion. On February 24, 2003, the Debtor filed a premature notice of appeal to this Court, and on February 28, 2003, the bankruptcy court entered its Memorandum Decision and Order.

## APPELLATE JURISDICTION

This Court has jurisdiction over this appeal. The bankruptcy court's order is a final order subject to appeal under 28 U.S.C. § 158(a)(1). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 691–92 (7th Cir.1992) (court assumed that order denying motion to remove Chapter 7 trustee was final). The Debtor timely filed his notice of appeal under Federal Rule of Bankruptcy Procedure 8002, and the parties have consented to this Court's jurisdiction by failing to elect to have the appeal heard by the United States District Court for the District of Utah. Fed. R. Bankr.P. 8001–02; 28 U.S.C. § 158(c)(1).

## STANDARD OF REVIEW

"For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541,

101 L.Ed.2d 490 (1988); *see* Fed. R. Bankr.P. 8013; *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1370 (10th Cir. 1996).

A bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr.P. 8013; *Pierce v. Underwood*, 487 U.S. at 558, 108 S.Ct. 2541. "A finding of fact is 'clearly erroneous' if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Manning v. United States*, 146 F.3d 808, 812 (10th Cir.1998) (quotation omitted); *accord Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Removal of a trustee is a matter committed to the sound discretion of the bankruptcy court. *In re BH & P, Inc.*, 949 F.2d 1300, 1313 (3rd Cir.1991); *see also In re Woods*, 173 F.3d 770, 778 (10th Cir.1999) ("for cause" standard reviewed for abuse of discretion) (citing *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir.1995)); *accord State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1084–85 (10th Cir. 1996).

Under the abuse of discretion standard[ ] a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. When we apply the "abuse of discretion" standard, we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value.

*Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (quotation omitted); *see Coletti v. Cudd Pressure Control,* 165 F.3d 767, 777 (10th Cir.1999) (abuse of discretion is "an arbitrary, capricious, whimsical, or manifestly unreasonable [judgment].") (quotation omitted).

## DISCUSSION

The Debtor's Motion made two requests: (1) that the Trustee and the Trustee's professionals be removed for misconduct, and (2) that the Trustee be required to turn over property to persons other than the Debtor. The bankruptcy court denied each request. Each request will be discussed in turn.

### Removal of Trustee and Professionals

█ The Motion asked that the Trustee and his professionals be removed for misconduct. Section 324 of the Bankruptcy Code provides that: "The court, after notice and a hearing, may remove a trustee ... for cause." 11 U.S.C. § 324(a). The Code does not define what constitutes sufficient cause; courts must make the determination on a case by case basis. *In re Haugen Constr. Serv., Inc.,* 104 B.R. 233, 240 (Bankr.D.N.D.1989); *see* 3 *Collier on Bankruptcy* ¶ 324.02 (15th ed. rev.2003) (citing cases).

█ The bankruptcy court found that the Debtor had not met his burden of showing cause to remove the Trustee. The court made several findings of fact regarding the Debtor's credibility, including that the Debtor "is very knowledgeable about the bankruptcy system, has used it multiple times, has violated court orders, has not complied with code sections or rules, and has filed false or misleading papers with this Court." Order at 19, *in* Trustee's Appendix at 19. The court found that the Debtor had been convicted in Utah state court of three felonies: two for securities fraud and one for acting as

an unregistered securities agent. *Id.* at 11. Those convictions further reduced the Debtor's credibility. *See* Fed.R.Evid. 609(a)(2) (conviction of a crime involving dishonesty or false statement may be used to attack credibility of witness); Fed. R. Bankr.P. 9017 (Federal Rules of Evidence applicable in bankruptcy proceedings); *United States v. O'Connor,* 635 F.2d 814, 818–19 (10th Cir.1980) (making false and misleading statements in the sale of securities is a crime involving dishonesty or false statement for purposes of Rule 609(a)(2)). The bankruptcy court noted that in light of its findings regarding the Debtor's credibility, it gave "little weight to the Debtor's testimony." Order at 21, *in* Trustee's Appendix at 21. This Court must defer to the bankruptcy court's first-hand ability to assess the Debtor's credibility.

The bankruptcy court further found that the Trustee had sufficient cause to justify his concerns for the Old Coke Plant and property located therein and that the Trustee acted within his discretion in exercising his business judgment. *Id.* at 27. The court discussed each of the Debtor's contentions, and in each instance found that the conduct of the Trustee and his professionals did not warrant removal.

█ This Court has reviewed the arguments of the Debtor, the bankruptcy court's order, and the transcripts of the hearings and evidence presented. The bankruptcy court's conclusions of law are not erroneous. A trustee will not be removed for mistakes in judgment where that judgment was discretionary and reasonable under the circumstances. *In re Haugen Constr. Serv., Inc.,* 104 B.R. 233, 240 (Bankr.D.N.D.1989); *In re Lundborg,* 110 B.R. 106, 108 (Bankr.D.Conn.1990) (citing cases).

Nor are the bankruptcy court's findings of fact clearly erroneous. *See In re Alexan-*

*der,* 289 B.R. 711, 714–15 (8th Cir. BAP 2003). Each finding of fact has factual support in the record, and this Court, after reviewing all the evidence, is not left with a definite and firm conviction that a mistake has been made. *Manning v. United States,* 146 F.3d 808, 812 (10th Cir.1998). The bankruptcy court's decision consists of 34 pages. It is a very thoughtful and detailed discussion of all the important issues that were presented.

The denial of the request to remove the Trustee was not an abuse of discretion. *See In re BH & P, Inc.,* 949 F.2d 1300, 1313 (3rd Cir.1991); *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 470, 472 (3rd Cir.1998) (applying abuse of discretion standard to lower court's finding "cause" for appointment of trustee; affirming exercise of discretion).

To the extent that the Debtor appeals the bankruptcy court's denial of his request to remove the Trustee and his professionals, the bankruptcy court's decision is affirmed.

### Turnover of Property

■ The Motion asked that the Trustee be required to turn over property to persons other than the Debtor. A party seeking to recover property held by a trustee may pursue a motion for abandonment under 11 U.S.C. § 554 or an adversary proceeding to recover money or property under Fed. R. Bankr.P. 7001.

■ Section 554 provides: "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). A motion for abandonment does not require an adversary proceeding. Fed. R. Bankr.P. 7001(1) (excluding a proceeding under § 554(b) from definition of adversary proceeding).

Rule 7001 provides: "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: (1) a proceeding to recover money or property...." Fed. R. Bankr.P. 7001(1). An adversary proceeding requires filing a complaint, Fed. R. Bankr.P. 7003, and serving a summons, Fed. R. Bankr.P. 7004, and may include pretrial procedure, Fed. R. Bankr.P. 7016, discovery, Fed. R. Bankr.P. 7026–36, and trial, Fed. R. Bankr.P. 7040–54.

■ Whether a party may use the relatively simple procedure of abandonment or the more formal procedure of an adversary proceeding depends on the party's claim:

> Congress only intended the abandonment proceeding to be used where there is no question of facts or law involved and for a trustee or debtor in possession to hold assets for no benefit to the estate would be unconscionable. Otherwise a creditor or one claiming title or ownership should proceed to either file a motion for relief from stay or a complaint under Rule 7001.

*In re Pepper Ridge Blueberry Farms,* 33 B.R. 696, 698 (Bankr.W.D.Mich.1983).

■ In this case, it appears that there is a question regarding ownership of the property that the Debtor claims belongs to others. An adversary proceeding is therefore required to determine ownership. *See* 10 *Collier on Bankruptcy* ¶ 7001.02 (15th ed. rev.2003) (An adversary proceeding is required for those "seeking reclamation of property in the possession of a trustee or debtor merely as trustee or bailee.") (citing cases). Because the Motion did not comply with the procedural requirements of an adversary proceeding, it must be denied.

■ Even if the Motion were properly brought as a motion for abandonment, however, the bankruptcy court correctly

found that the Debtor was not the proper party to request the relief. A party may not assert the rights of another to justify relief for himself or herself. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir.1994). Each party who claims ownership of property being held by the Trustee must pursue his or her own request for relief; the Debtor has no standing to make that request.

Not only did the Debtor not have standing to assert the rights of MVD and the other individuals before the bankruptcy court, but also he does not have standing to pursue an appeal of the bankruptcy court's denial of his request. A person will have standing to appeal a bankruptcy court order only if his or her "rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir.1989) (quotation omitted). The bankruptcy court's denial of the Debtor's request to turn over property belonging to MVD and to other individuals does not directly and adversely affect the Debtor's interests. To the extent that the Debtor appeals the bankruptcy court's denial of his request to turn over property, the appeal is dismissed for lack of standing.

## CONCLUSION

For the reasons set forth above, the bankruptcy court's denial of the Debtor's request to remove the Trustee and his professionals is AFFIRMED. The appeal of the bankruptcy court's denial of the Debtor's request to turn over property is DISMISSED.