*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 08b0016n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: ARTHUR B. BOYD, JR.,<br><br>            Debtor.<br>───────────────────────────<br><br>ARTHUR B. BOYD, JR.,<br><br>          Appellant,<br><br>   v.<br><br>MARY ANN RABIN, Trustee,<br><br>         Appellee. | No. 08-8010 |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division.
No. 05-19361

Submitted: August 12, 2008

Decided and Filed: September 23, 2008

Before: GREGG, McIVOR, and PARSONS, Bankruptcy Appellate Panel Judges.

───────────────────

**COUNSEL**

**ON BRIEF:** Mary Ann Rabin, RABIN & RABIN CO., LPA, Cleveland, Ohio, for Appellee. Arthur B. Boyd, Jr., Shaker Heights, Ohio, pro se.

---

## OPINION

---

MARCIA PHILLIPS PARSONS, Chief Bankruptcy Appellate Panel Judge. Arthur B. Boyd, Jr. ("Debtor") appeals the bankruptcy court's orders denying his motions for removal of the chapter 7 trustee, Mary Ann Rabin ("Trustee"), and for recusal of the bankruptcy judge. For the following reasons, we affirm the orders of the bankruptcy court.

### I.   ISSUE ON APPEAL

The issue presented by this appeal is whether the bankruptcy court abused its discretion by denying the Debtor's motions to remove the Trustee and to recuse the bankruptcy judge.

### II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order that disposes of discrete disputes within a larger case may be appealed immediately. *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996).

The bankruptcy court's refusal to remove the Trustee is reviewed for abuse of discretion. *In re Miller*, 302 B.R. 705, 708 (B.A.P. 10th Cir. 2003). Likewise, the court's denial of a recusal request is also reviewed for abuse of discretion. *Schilling v. Heavrin (In re Triple S Rests., Inc.)*, 422 F.3d 405, 418 (6th Cir. 2005). "An abuse of discretion occurs only when the trial court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Gasel Transp. Lines, Inc.*, 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citing *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 267 (B.A.P. 6th Cir. 2000)). "Under this standard, we cannot reverse unless we have a definite and firm conviction that the trial court committed a clear error of judgment in its conclusion it reached upon weighing the relevant factors." *In re Cohara,*, 324 B.R. 24, 26 (B.A.P. 6th Cir. 2005) (quoting *In re Bartee,* 317 B.R. 362, 365 (B.A.P. 9th Cir. 2004)). The

question is "whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 529 (6th Cir. 2002).

## III. FACTS

On June 28, 2005, five creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code against the Debtor. Following an evidentiary hearing on the allegations in the petition, the bankruptcy court issued a memorandum opinion finding that four of the five petitioning creditors had claims against the Debtor of at least the statutory minimum that were neither contingent nor the subject of a bona fide dispute, and that the Debtor was not paying his debts as they became due. An order granting the relief requested by the creditors was then entered. The Debtor did not appeal the order granting relief at that time.

At the time the involuntary petition was filed, the Debtor had a suit pending in state court against several parties, including FirstMerit Bank and one of the petitioning creditors, Larry Jones. After the order for relief was entered, the Trustee filed a motion to compromise the claim against FirstMerit Bank for $150,000. Following a hearing on the Debtor's objection to the Trustee's motion, the bankruptcy court issued an order granting the motion to compromise. The Debtor did not appeal the order at that time.

On November 9, 2007, the Debtor, pro se, filed a motion to remove the Trustee and a motion to recuse the bankruptcy judge. On January 4, 2008, the bankruptcy court held a hearing on both motions. Ten days later, the court issued a memorandum opinion and entered separate orders denying both motions. This timely appeal by the pro se Debtor followed.

## IV. DISCUSSION

A notice of appeal must be filed within ten days of entry of the judgment, order or decree from which one appeals. Fed. R. Bankr. P. 8002(a). Failure to comply with this time requirement, or timely obtain an extension, deprives an appellate court of jurisdiction. *Suhar v. Burns (In re Burns)*, 322 F.3d 421, 429-30 (6th Cir. 2003). The Debtor lists in his notice of appeal several orders from which he seeks to appeal, including, but not limited to, the order for relief, the order approving the compromise with FirstMerit Bank, and the January 14, 2008 orders denying his motions for

removal of the Trustee and recusal of the bankruptcy judge. However, only the January 14, 2008 orders were timely appealed.[1] Because the Panel lacks jurisdiction to hear the Debtor's appeal from the other orders listed in his notice of appeal, they need not be addressed.

A. *Motion to Remove Trustee*.

The Debtor's motion to remove the Trustee stated that:

> Trustee Mary Ann Rabin, since the inception of this fraudulent filing of an involuntary chapter 7, by Lead petitioner Larry D. Jones, has done everything possible to deny Debtor due process. Trustee Mary Ann Rabin has threatened Debtor, tried to intimidate Debtor, has tried to coerce and has denigrated Debtor, in her attempts to force this fraudulent bankruptcy through.
>
> Mary Ann Rabin has filed a false complaint with the U.S. Marshals office to notify the Court whenever the Debtor is in the building.
>
> The Debtor is the recipient of these actions because of the Court's attempt to hide the fraud of Larry D. Jones and First Merit Bank of Elyria, Ohio.
>
> The Trustee Mary Ann Rabin has been untruthful to this Court.

(Bankruptcy court docket #191; exhibit references omitted.)[2]

The Panel was not provided with a copy of the transcript from the hearing on the Debtor's motions. However, in its memorandum opinion, the bankruptcy court detailed additional allegations made by the Debtor at the hearing.

> At the hearing, the debtor amplified his complaint to include these allegations: the trustee is a "Jewish gangster" based on her attire and demeanor; the trustee committed fraud when she agreed to compromise the state court lawsuit with FirstMerit; Larry Jones recently pleaded guilty to federal charges relating to theft from National City Bank, which shows that he also defrauded the debtor; United States District Judge James Gwin sentenced Jones to 37 months imprisonment on those charges, when he should have imposed a longer sentence; Larry Jones has been indicted in state court on various charges; Larry Jones should not receive any distribution as a creditor in this case; FirstMerit should be indicted for fraud, but will

---

[1] The bankruptcy court granted the Debtor an extension until February 13, 2008, to file a notice of appeal from the January 14, 2008 orders. Therefore, the notice of appeal filed by the Debtor on February 12, 2008, was timely filed as to the January 14, 2008 orders.

[2] Contrary to the requirements of Federal Rule of Bankruptcy Procedure 8009(b)(6), the Debtor failed to include in the appendix copies of his motions to remove the Trustee and to recuse the bankruptcy judge. Nonetheless, because the motions were designated by the pro se Debtor to be included in the record on appeal under Federal Rule of Bankruptcy Procedure 8006, we will exercise our discretion in this instance to consider them.

not be indicted because of the political ramifications; the United States trustee appointed chapter 7 trustee Rabin before the August 2, 2005 hearing on the involuntary petition, which shows fraud on the part of someone; and the trustee told the United States Marshal to have Court Security Officers attend certain hearings for no reason other than that the debtor is, in his words, a tall, large, black man.

(Appellant's App. at 1-4 to 1-5.)

The Trustee responded that she was duly appointed by the United States trustee, knew nothing of any special court security arrangements, and all of her actions were in accordance with the Bankruptcy Code and Rules as reflected in the bankruptcy court's orders.

Section 324 of the Bankruptcy Code provides that after notice and a hearing, the bankruptcy court may remove a trustee "for cause." 11 U.S.C. § 324. Because the Bankruptcy Code does not define "cause," courts are left to make the determination on a case-by-case basis. *In re Miller*, 302 B.R. at 709 (citing *In re Haugen Constr. Serv., Inc.*, 104 B.R. 233, 240 (Bankr. D.N.D. 1989)); *Beery v. Gonzales (In re Beery)*, No. 06-1154 M, 2007 WL 1575278, *5 (Bankr. D.N.M. May 30, 2007) (removal of trustee is an extreme remedy; what constitutes "cause" is a determination to be made on a case-by-case basis). "'Typical cause for removal includes incompetence, misconduct in office, conflict of interest, or other violations of fiduciary duties the trustee owes to the estate and its creditors.'" *Michel v. Fisher*, 185 B.R. 259, 264 (N.D. Ill. 1995) (quoting Robert E. Ginsburg & Robert D. Martin, *Bankruptcy: Text, Statutes, Rules* § 4.01[f] at 4-18 (Prentice Hall 1992)). As the party seeking removal of the Trustee, the Debtor has the burden of establishing "cause" by setting forth specific facts that support removal. *In re Alexander*, 289 B.R. 711, 714 (B.A.P. 8th Cir. 2003) (citing *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998)). Conclusory contentions not supported by specific facts are insufficient grounds for removal of a trustee. *Id.* (citing *In re Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 692 (7th Cir. 1992)).

The bankruptcy court grouped the Debtor's grounds for removing the Trustee into five categories: "(1) the compromise reached with FirstMerit; (2) alleged procedural irregularities in the trustee's appointment; (3) his belief the trustee is a gangster; (4) issues relating to Larry Jones, and (5) court security issues." (Appellant's App. at 1-6.) The court found that the Trustee's actions relative to the compromise with FirstMerit were in accordance with the Bankruptcy Code and Rules; there were no procedural irregularities in the appointment of the Trustee; the allegation that the Trustee is a Jewish gangster was not worthy of a response; the Trustee did nothing improper relative

to Larry Jones; and, finally, that the United States Marshal's office does not take direction from the Trustee, and even if it were true that the Trustee had instructed the Marshal's office to notify the court whenever the Debtor was in the building, such an action was not a ground to remove the Trustee.

In this appeal, the Debtor argues that the Trustee should have been removed for cause because she "breached her fiduciary and legal duty on numerous occasions" by refusing to acknowledge the criminal activity of petitioning creditor Larry Jones,[3] and by illegally compromising with FirstMerit Bank.[4] (Appellant's Br. at 14-15.) The Debtor also states that Larry Jones pled guilty to bank fraud and money laundering, and that "Larry Jones received a fraudulent judgment in [state court] for $1,400,000.00 against [Debtor], without [Debtor's] knowledge, and with the assistance of First Merit Bank representatives. It is this fraudulent judgment that forms the basis of Mr. Jones' illegal Chapter 7 Involuntary Petition against [Debtor]." (Appellant's Br. at 3.) Notwithstanding these assertions, the Debtor fails to articulate how any of these statements support his argument that the bankruptcy court erred in refusing to remove the Trustee. Instead, the Debtor reiterates that the involuntary petition against him should have been dismissed, in large part based on the alleged criminal activity of Jones, and that the settlement with FirstMerit should not have been approved. Reiterating, the Debtor failed to timely appeal the order for relief or the order approving the compromise.

With specific regard to the appeal of the denial of his motion to remove the Trustee, the Debtor fails to point to *any* fact in the record evidencing that the bankruptcy court's findings and conclusions were erroneous. The Debtor's mere conclusory statement that the Trustee breached a fiduciary and legal duty is insufficient. Because the Debtor failed to establish any fact demonstrating incompetence, misconduct, conflict of interest, or any other violation of fiduciary duty by the

---

[3] The Debtor attached various newspaper articles regarding Larry Jones pleading guilty to bank fraud and money laundering charges in connection with a computer business to his motion to recuse. The Debtor's appendix also includes numerous documents which he asserts demonstrate Jones' criminal actions and form the basis of the Debtor's civil suit against him. Because none of these documents are part of the record below, we cannot consider them now.

[4] The Debtor lists a number of cases and statutes in support of his assertion that the Trustee should have been removed for cause. None of the cases listed are relevant to the removal of a trustee, but rather address the imposition of sanctions against parties.

Trustee, we are unable to conclude that the bankruptcy court abused its discretion in denying the Debtor's motion.

B.  *Motion to Recuse the Bankruptcy Judge*.

The Debtor asserts that the bankruptcy court demonstrated bias against the African-American attorneys who represented him at the beginning of the case, by calling them "liars" and by requiring documents from them which the court did not require from the creditors' attorneys.  As set forth in his motion filed with the bankruptcy court:

> Debtor alleges that [the bankruptcy judge] since the inception of this fraudulent chapter 7 (involuntary) filing by Larry D. Jones, a convicted felon and now sentenced to federal prison, has been biased, racist, and dishonest in her dealings with the Debtor.
>
> [The bankruptcy judge] has refused to hold hearings requested by the Debtor and true creditors. [The bankruptcy judge] has always upheld her friend, U.S. Trustee Mary Ann Rabin, by saying she has been a bankruptcy lawyer for 23 years, and calling Debtor's attorneys (ie Donald Murphy a liar).
>
> [The bankruptcy judge] has threatened creditors, Edward Rhodes and Donald Sowers, if they filed any further actions on Debtors behalf.

(Bankruptcy court docket # 189; exhibit references omitted.)

Pursuant to Federal Rule of Bankruptcy Procedure 5004, bankruptcy judges are governed by 28 U.S.C. § 455, which provides in pertinent part that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  Under § 455(a), a judge must ask herself whether a reasonable person knowing all the relevant facts would question her impartiality.  *Reed v. Rhodes*, 179 F.3d 453, 467 (6th Cir. 1999).  As to § 455(b)(1), the inquiry is whether the judge has a personal bias or prejudice against the moving party.  The moving party must allege "facts which a reasonable person would believe would indicate a judge has a personal bias against the [Debtor].  Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification."  *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) (internal citations omitted).

Before denying the Debtor's motion to recuse, the bankruptcy court thoroughly analyzed each of the Debtor's allegations.  The court dismissed the allegations of racism by noting that not only is the Debtor African-American, but four of the petitioning creditors are also African-American.  Thus,

the court ruled both in favor of and against African-Americans. As to the Debtor's allegation that the court had failed to hold requested hearings, the court noted that the Debtor had not pointed to any particular instance where a motion should have been set for hearing but was not, and the record clearly shows that the court held numerous hearings at the request of the Debtor. The court concluded that the Debtor had not substantiated his allegation that the court called attorney Murphy a "liar" or his allegation that the court threatened creditors Rhodes and Sowers.

The bankruptcy court also found that the Debtor had not provided any concrete examples that demonstrated the judge's alleged personal bias or prejudice against the Debtor. In an effort to give the pro se Debtor the benefit of the doubt, the bankruptcy court speculated that perhaps the Debtor surmised that attorney Murphy was labeled a "liar" because the bankruptcy court in ruling on the Trustee's motion to compromise did not accept the Debtor's position about the value of the state court lawsuit as presented by attorney Murphy. However, as the bankruptcy court correctly noted, "Courts weigh evidence and arguments every day, and the decision to accept or reject a proffered position is not in and of itself equivalent to calling anyone a liar." (Appellant's App. at 1-12.) In regard to the allegation of threats against Sowers and Rhodes, the court assumed that the Debtor was referring to two orders issued in response to motions filed by these creditors. In those orders, the bankruptcy court had denied motions filed by these creditors because there was no factual or legal basis for the motions, and had advised that any future similar frivolous filings would be met with monetary sanctions. Upon review, the bankruptcy court concluded that the prior directive to the creditors did not reasonably call into question the court's impartiality. We agree with the bankruptcy court's observation that "[s]uch an admonition is well within the court's inherent authority to administer the bankruptcy case . . . and is not evidence of bias." (Appellant's App. at 1-13.)

We find no error in the bankruptcy court's conclusions. The Debtor has not referred us to any evidence in the record that supports his assertion that the bankruptcy court's findings and conclusions were incorrect. To the contrary, as found by the bankruptcy court, the Debtor's assertion that the bankruptcy judge was biased and racist is unsubstantiated by the record. The Debtor's complaints regarding the bankruptcy judge do not give rise to the necessary "definite and firm conviction that the [bankruptcy] court committed a clear error of judgment." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997). Accordingly, the bankruptcy court did not abuse its discretion in properly denying the Debtor's motion to recuse.

## V.   CONCLUSION

While the Debtor purports to appeal the denial of his motions to remove the Trustee and to recuse the bankruptcy judge, it is apparent from his brief that the relief he actually seeks is reversal of the order for relief entered in response to the involuntary chapter 7 petition filed against him and dismissal of the bankruptcy case such that he would be restored to the position he was in before the petition was filed, including reinstatement of the lawsuit compromised by the Trustee.  However, we do not have jurisdiction to grant relief from orders that were not timely appealed.  As for the motions to remove the Trustee and motion to recuse the bankruptcy judge that were timely appealed, the bankruptcy court did not abuse its discretion in denying these motions.  Accordingly, the orders of the bankruptcy court are AFFIRMED.